THE GULF, COLORADO & SANTA FE RAILWAY COMPANY v. DALLAS DAWKINS. ·

No. 6663.

1. **Railway Company— Passenger on a Hand Car.**—One being transported on a hand car which is used by a railway company for the convenience of its employes, and on which the carrying of passengers is forbidden by the rules of the company, does not occupy toward the railway the relation of a passenger, though he may be ignorant of such rules, when such carrying is done not by an authorized agent of the company, but by those in charge of it to do other work.

2. **Burden of Proof.**—One who sues for damages resulting to him as a passenger on a hand car operated by the foreman of a section gang, must show that at the time the foreman was acting within the scope of his authority. If at the time of the injury the foreman was operating the hand car for his own convenience in the transaction of private business, no liability would attach to the corporation.

APPEAL from Brown.    Tried below before Hon. J. C. Randolph.
The opinion states the case.

*J. W. Terry,* for appellant.—The court erred in refusing to give the charges asked by defendant, as follows: "If you believe from the evidence that at the time of the accident to the plaintiff the section foreman and the section men were not engaged in performing any work of the defendant or discharging any duty in the defendant's service, but that they were going to Brownwood on private business of their own and of Mary Dawkins, in which private business the defendant company had no interest or concern, and that the trip of the hand car in question was exclusively for the purpose of transacting such private business, then you are instructed that Hennessey and the section men were not acting in the scope

of their employment and that defendant is not liable for the negligence complained of, and you will find for the defendant.

"The burden of proof is on plaintiff to show by a preponderance of evidence that at the time he was injured as complained of the foreman and section hands were acting in the scope of the authority conferred upon them by defendant and in the business of defendant, and unless you are so satisfied you will find for defendant, because the gist of plaintiff's action was that he was injured by the negligence of the servants of defendant, and they could only be servants when engaged in their master's service." Whart. on Neg., secs. 157, 162, 168, 177; Whittaker's Smith on Neg., pp. 154 (note), 155, 156, 162, 163; 2 Thomp. on Neg., p. 885, and cases cited; Railway v. Sutherland, 3 Ct. App. C. C., 177; Herliby v. Smith, 116 Mass., 265; Bard v. Yohn, 26 Pa. St., 482; Sheridan v. Charlich, 4 Daly, 338; Morier v. Railway, 31 Minn., 351; Stone v. Hill, 45 Conn., 44; Maddox v. Brown, 71 Me., 432; Story v. Ashton, L. R. 4 Q. B., 476; Rayner v. Mitchell, L. R. 2 C. P., 357; Eaton v. Railway, 67 N. Y., 382; Robertson v. Railway, 22 Barb., 91; Flower v. Railway, 69 Pa. St., 210; Duff v. Railway, 91 Pa. St., 458; Railway v. Langdon, 92 Pa. St., 21; Coal Co. v. Heenan, 86 Pa. St., 418; Higgins v. Railway, 3 Harr. (Del.), 411; Railway v. Mitchie, 83 Ill., 427; Ligo v. Newbold, 9 Exch., 302.

*Harrell & Wilkinson,* for appellee. — 1.   Though there may have been an order of the railway company forbidding persons other than its agents and employes riding on its hand cars, in the absence of the proper notice of such order, by being posted at the depots or otherwise brought to the attention of the public, it remained a regulation solely between the company and its employes, and could have no effect upon the right of passengers or the responsibility of the company.   Especially is this true where the company by an habitual use of its hand car for the carriage of outsiders has induced the public to believe that there are no rules against such use, or that they have been relaxed or abandoned. Prince v. Railway, 64 Texas, 144; Bank v. Martin, 70 Texas, 643; Rorer on Rys., p. 1113; Hanson v. Railway, 58 Am. Rep., 162; Lucas v. Railway, 14 Am. Rep., 735; Dunn v. Railway, 4 Am. Rep., 267.

2.   A principal is bound by the acts of his agent, done within the scope of his apparent authority, in dealing with innocent third persons, although such act may be in direct violation of his private instructions. The question in such cases is not so much what authority the agent had in point of fact as it is what powers third persons had a right to suppose he possessed, judging from his acts and the acts of his principals.   Hull v. Railway, 66 Texas, 619; Bank v. Martin, 70 Texas, 643; Merriman v. Fulton, 29 Texas, 98; Railway v. Hill, 63 Texas, 381; Kohn Bros. v. Washer & August, 64 Texas, 131; Collins & Douglas v. Cooper, 65 Texas,

461; 2 Ct. Ap. C. C., sec. 525; Story's Agency, 9 ed., secs. 127, 130, 443; Hutch. on Car., secs. 267, 268, 269; Lawson on Car., secs. 229, 230; 1 Wait's Act. and Def., sec. 2, p. 286; Lightbody v. Ins. Co., 23 Wend., 18.

3. Appellant's hand cars having been continuously and habitually used for the transportation of persons other than its agents and servants for at least twelve months prior to the time that appellee was injured, it is submitted that appellant was legally affected with notice of such use of its hand cars, whether it had actual notice of such use or not. And it is further submitted that if appellant had no notice of such use of its hand cars, by the use of ordinary diligence appellant could have had such notice. Humphries v. Freeman, 22 Texas, 53; Powell v. Haley, 28 Texas, 52.

HENRY, ASSOCIATE JUSTICE.—Appellee was seven years old at the time of his injury. His mother was in the employ of one Hennessey, who was in charge of a section of appellant's road.

Hennessey was going to Brownwood on a hand car belonging to the railroad company and over its railway, to get and carry to Mrs. Dawkins, the mother of appellee, some property belonging to her, and appellee was taken along with the consent of his mother to point out the property. On the way, from some unexplained cause unless it was from his falling asleep, appellee was thrown from the car and injured.

The hand car was provided by the railroad company for the purpose of carrying the employes of the company and their tools to and from the work of the men, and for no other purpose.

The evidence shows that the employes of the defendant railroad company who had charge of the hand car had frequently used it as a conveyance to Brownwood when going there upon their own business, and had often allowed persons not connected with the company to ride on it, but that the rules of the company forbade its being used for the transportation of passengers, and that no passenger fares were ever paid.

Upon the verdict of a jury judgment in favor of plaintiff for $5000 was rendered.

Appellant complains of charges given by the court in the following particulars: 1. That it must appear from the evidence that plaintiff had notice of defendant's rules against passengers being carried on the hand car.

2. That the defendant would be bound by the acts of its servants done within the scope of its apparent authority.

3. That "when a railroad company has adopted rules forbidding the use of certain cars by passengers, but by consent of officers or agents authorized to give consent they are habitually disregarded, the jury are authorized to take such action of said company into consideration in deter-

mining whether or not such rules have been abandoned or relaxed by the company."

We do not think that any of these charges were warranted by the facts proved. It is clear that defendant was not engaged in carrying passengers on the hand car, and that plaintiff did not occupy that relation to the defendant company.

The effect of the charge first objected to was to make appellee's ignorance of defendant's rules upon the subject constitute him a passenger. There is nothing in the evidence tending to show that defendant had ever authorized its servants who had charge of the hand car to transport passengers upon it; nor is it shown that any person was ever carried upon it as a passenger within the knowledge of any agent of the company, except those employes who had charge of it to do other work and who were themselves in the very act guilty of a violation of the orders of the corporation. It is evident that the persons carried were not in any respect carried as passengers.

There being nothing in the evidence to show that the carriage of plaintiff was apparently by the authority of the defendant, the jury should not have been charged as if there was.

As the evidence showed that the rules of the corporation forbade the use of hand cars by passengers, and as there was no evidence tending to show that any officer or agent of the company, except such as were entrusted with the car to do their own work, and who themselves were guilty of the violation of such orders, had notice of their violation, the court should have given the following instructions at the request of the defendant:

"The burden of proof is on the plaintiff to show by a preponderance of evidence that at the time of the negligent acts complained of the foreman and section men were acting within the scope of the authority conferred upon them by the defendant. If you believe from the evidence that at the time of the accident to the plaintiff the section foreman and the section men were not engaged in performing any work of the defendant or discharging any duty in the defendant's service, but that they were going to Brownwood on private business of their own and of Mary Dawkins, in which private business the defendant company had no interest or concern, and that the trip of the hand car in question was exclusively for the purpose of transacting such private business, then you are instructed that Hennessey and the section men were not acting in the scope of their employment, and that defendant is not liable for the negligence complained of, and you will find for the defendant."

While the tender years of plaintiff would have excused him, if he had occupied the relation of a passenger to defendant, from the effects of his own contributory negligence and all rules and regulations applicable to

an adult, they can not be allowed to have the effect of creating that relation.

The transportation of passengers on hand cars is known to be extra hazardous, and corporations who find it necessary to make use of them for other purposes must be permitted to decline the more hazardous employment.

If, as in the case of Prince v. International & Great Northern Railway Company, 64 Texas, 146, it has "no regulations against traveling on a hand car, and the agents in charge of it violate no orders when they permit persons to travel on it, and it is someties used for the transportation of passengers invited by proper agents to travel upon it," the corporation will be liable for injuries to a person riding as a passenger upon one, notwithstanding that mode of carrying passengers may not be in general use by it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 9, 1890.