[No. 2610. Decided December 3, 1897.]

JOHN WALTER ROBINSON, *Appellant,* v. E. McNEILL, *as Receiver of the Oregon Railway and Navigation Company, Respondent.*

INJURY TO CHILD — DANGEROUS APPLIANCES — LIABILITY OF MASTER FOR WRONGFUL ACT OF SERVANT.

Where it appears that a section foreman upon a railroad exceeded the scope of his employment in loaning a hand-car to boys of immature age, to be used by them for purposes of their own amusement and not in the service of the railroad company, the company cannot be made liable for injuries received by one of the boys through his own negligence, while the car was being operated by him and his companions.

Appeal from Superior Court, Whitman County.—Hon. E. H. SULLIVAN, Judge. Affirmed.

*M. O. Reed (A. M. Craven,* of counsel), for appellant.

*Cox, Cotton, Teal & Minor,* and *J. C. Kleber,* for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—This action was brought to recover damages sustained by John Walter Robinson, caused by falling from a handcar under the general control of the defendant, and the plaintiff has appealed from a judgment of nonsuit.

From the plaintiff's showing, it appears that he, with a number of other boys, had obtained a loan of the hand-car from the section foreman, who had control of it for the purpose of enabling him to discharge his duties in repairing the track, etc. The boys had obtained the car for the purpose of going along the track to a swimming place a mile or more distant, and on the way there the plaintiff fell off and was injured. It will be observed that the action was not founded upon any negligent or wrongful act of the defendant's servant in allowing the car to remain exposed and unsecure so that boys of immature years might be tempted to use it; and also that the car was not being used at that particular time in the company's business. It was not shown nor claimed that the section foreman had any authority to loan the car at all, and in fact it may be fairly assumed from the record that it was a violation of his duties to loan it. His act in so doing was entirely outside of and exceeded the scope of his employment.

This being so, under the great weight of the authorities the defendant was not liable for his wrongful act, and the nonsuit was properly granted.

Affirmed.

ANDERS, REAVIS, DUNBAR and GORDON, JJ., concur.