John Branch v. International & Great Northern Railway Company.

No. 711. Decided November 28, 1898.

**1. Master and Servant—Acts Beyond Scope of Employment.**

A railway company which has intrusted the care of a handcar to a section foreman does not thereby become liable, either on grounds of public policy or of duty owing by it to the public, for an injury caused to one at a public crossing by collision with such handcar through the negligence of the foreman while operating it upon his private errand, not in the performance of a duty to the company, and against its orders. (P. 292.)

**2. Same—Operation of Road.**

Such act is not a part of the operation of the road wherein the master will be responsible for injuries caused by negligence in its performance. (Pp. 292, 293.)

**3. Same—Custody of Things Dangerous.**

The fact that the servant was intrusted with the possession and control of the car will not make the master liable, the machine not being dangerous in itself, but only by reason of improper use. Railway v. Cooper, 88 Texas, 608, followed. Railway v. Shields, 47 Ohio, 389, distinguished. (P. 293.)

Questions certified from the Court of Civil Appeals for the Third District, in an appeal from Comal County.

*F. J. Maier*, for appellant.—1. If a servant is the custodian of a machine, and it is his duty and within the scope of his employment to keep charge of the same both night and day, when the machine is idle as well as when it is being used, and said servant as the custodian of said machine, while it is not used in the furtherance of the master's business, keeps it in such a careless and negligent manner that the machine injures a third person, the master is liable, even if the machine at the instant of the injury was not being used in furtherance of the master's business. 2. Where an injury results from the negligence of a servant in the custody of a machine, it is immaterial, so far as the liability of the master is concerned, as to what use may have been made of it by the servant. 3. The master is liable for an injury resulting from an omission of a servant the same as from the act of a servant. Cool. on Torts, *p 534; Whart. on Neg., secs. 860, 851; Branch v. Railway, 40 S. W. Rep., 208; Railway v. Shields, 47 Ohio St., 387; Railway v. Derby, 14 How., 468; Whatman v. Pearson, Law Rep., 3 C. P., 422; Powell v. Deveney, 3 Cush., 304; 3

Redf. Am. Ry. Cases, 383; Harriman v. Railway, 45 Ohio St., 11; Campbell v. Palace Car Co., 42 Fed. Rep., 484; Railway v. Jones, 39 S. W. Rep., 124; Railway v. Chambers, 43 S. W. Rep., 1090; Cunningham v. Bucky (W. Va.), 26 S. E. Rep., 443; Railway v. Franklin, 44 S. W. Rep., 702; Englehart v. Farraut, 1 Q. B., 240; 45 Cent. Law Jour., 87; Sleath v. Wilson, 9 Carr. & P., 607; Mulvehill v. Bates, 31 Minn., 364; Venables v. Smith, L. R., 2 Q. B. Div., 279; McDonald v. Snelling, 14 Allen, 290; Mound City P. & C. Co. v. Colon, 92 Mo., 221; Cosgrove v. Ogden, 49 N. Y., 255; Railway v. McMahon, 103 Ill., 485; McKay v. Irvine, 11 Biss., 168; Railway v. Bailey, 40 Miss., 395; Railway v. Allbritton, 38 Miss., 242; Henning v. Tel. Co., 41 Fed. Rep., 864; Railway v. Kennedy, 29 S. W. Rep., 394; Railway v. Gause, 76 Ind., 142; Baldwin v. Casella, L. R., 7 Exch., 325; Dixon v. Bell, Holt, N. P., 233; Railway v. Starnes, 9 Heisk., 52; Cohen v. Railway, 69 N. Y., 170; McCord v. Tel. Co., 39 Minn., 181; Railway v. Morgan, 45 S. W. Rep., 169.

Where the injury results from the negligence of the servant in the custody of the instrument, it is immaterial, so far as the liability of the master is concerned, as to what use may have been made of it by the servant. Railway v. Shields, 47 Ohio St., 387; Railway v. Derby, 14 How., 468; 14 Am. and Eng. Enc. of Law, 810; 2 Redf. Am. Ry. Cases, 337-340.

*S. R. Fisher*, for appellee.—The evidence, without conflict, disclosing that the parties operating the handcar were not at the time of the accident engaged in prosecuting the business of the defendant or in performing for it any service for which they were employed, and conclusively establishing that, without the knowledge or consent of defendant, they were engaged solely in the prosecution of their own enterprise, no liability against defendant was shown, and hence a verdict for it was properly directed. Railway v. Cooper, 88 Texas, 607; Railway v. Anderson, 82 Texas, 520; Railway v. Yarbrough, 39 S. W. Rep., 1096; Railway v. Dawkins, 77 Texas, 228; Stephenson v. Railway, 93 Cal., 558; Cousins v. Railway, 66 Mo., 572; Garretzen v. Duenckel, 50 Mo., 107.

While defendant, in operating its handcars, owed a duty to plaintiff as one of the public to exercise ordinary care in employing and keeping competent and careful employes, and would have been liable for any injury resulting to him from the want of ordinary care in such respect while in the prosecution of its business, it owed him no duty to see that its employes did not step aside from their employment and wrongfully and without authority take out a handcar for their own use; the extent of the obligation or duty of defendant to plaintiff and the general public was that it would be liable for any want of ordinary care or negligence, resulting in injury, while its employes were in the discharge of services for the company within the scope of their employment.

Beyond the scope of his employment, the servant is as much a stranger to the master as any third person, and the act of the servant not done in the execution of the service for which he was engaged can not be re-

garded as the act of the master. · If the servant step aside from his master's business, for however short a time, to do an act not connected with such business, the relation of master and servant is for the time suspended, and an act of the servant during such interval is his own.

The defendant rested under no legal duty or obligation to the plaintiff to protect him against the negligence of its employes while acting beyond and outside of the scope of their employment, and not engaged in the performance of any act or duty for the defendant within the line of their employment, and such persons while so acting for themselves can not be held to be the agents or representatives of the defendant so as to make it liable for the consequences of their wrongdoing.

The fact that the defendant may have intrusted the handcar to careless, disobedient, and untrustworthy servants and agents, known by it to be such, would not make defendant liable for any negligence of such servants or agents unless they were guilty of such negligence while engaged in the performance of some duty owing by them to the defendant and while in the prosecution of defendant's work. 14 Am. and Eng. Enc. of Law, 809; Railway v. Wetmore, 19 Ohio St., 110; Walton v. Railway, 139 Mass., 556; 2 Thomp. on Neg., 885, 886; Cool. on Torts, 533.

A handcar—unlike a locomotive engine or a dynamite cartridge—is not a dangerous instrument per se; and hence authorities to the effect that the master who delegates or assigns to an agent the custody or keeping of a dangerous instrument universally recognized as such, can not escape liability for injury resulting from the carelessness or negligence of the agent to whom its safe keeping was intrusted have no application. This is clearly recognized and stated in the case of Railway v. Shields, 47 Ohio State, upon which plaintiff relies. There is no evidence that a handcar is a dangerous instrument, and the court does not and can not judicially know it to be such. Chaddock v. Plummer, 88 Mich., 225; Railway v. Wetmore, 19 Ohio St., 110; Railway v. Shields, 47 Ohio St., 387.

DENMAN, Associate Justice.—The Court of Civil Appeals have certified to this court statement and questions as follows:

"This is an action by the appellant, John Branch, against the railway company to recover damages on account of injuries sustained by his wife in a collision with a handcar, operated upon appellant's road at a public crossing in the town of New Braunfels, Comal County, Texas.

"It is averred that the railway company intrusted the use and possession of the handcar to a foreman who was careless and untrustworthy, which fact was known to the defendant, and that it was a part of the duty of the foreman to carefully keep control and possession of said handcar, and that he negligently permitted the same to go upon the track in the night time, and that he carelessly and negligently, in the operation of said handcar, caused it to collide with the plaintiff's buggy in which he and his wife were crossing the track at a public crossing.

"The facts in the record show that the handcar in question was intrusted to the possession, care, and use of one John Maloney, who used

the handcar for the benefit of the company. He at the time was the fore-man of a telegraph repair gang for the defendant company,

"At the time of the accident, which occurred at night at a public street crossing of the railway in the town of New Braunfels, Maloney was pro-pelling and operating the handcar on the railway track under circum-stances from which a jury might infer negligence upon his part in run-ning down the buggy in which the plaintiff and his wife were crossing the track; and under circumstances under which a jury might also infer that the plaintiff and his wife were not guilty of contributory negligence.

"The weight of the evidence tends to show that at the time of the accident, when Maloney was so using the handcar, he was doing so con-trary to the instructions of the railway company, and for his own private use and benefit, not at the time being engaged in the performance of any duty imposed upon him by the company.

"There are also facts in the record which have a tendency to show that Maloney was a negligent and untrustworthy servant, and that the railway company had knowledge of this fact, or could have obtained knowledge by the exercise of reasonable diligence, and retained Maloney in its employ.

"The court below, in the trial of the case, instructed the jury to return a verdict in favor of the defendant.

"This case has once been before this court, in which the trial court also instructed a verdict for the defendant, which, upon appeal, was re-versed.

"In view of this fact and the importance of the questions raised in the case, we certify the questions propounded to the Supreme Court, and in this connection, we desire to state that owing to the fact that the Su-preme Court has previously dismissed certificates, because questions in-volving the entire case were certified to that court, we take occasion to say that there is one important question reserved by this court which we do not certify and upon which we have concluded. the court below erred, and for which reason we have concluded to reverse the judgment of the court below.

"With this preliminary statement, we certify that the above styled and numbered cause is now pending in the Court of Civil Appeals for the Third Supreme Judicial District, and that there arises from the record the following questions which we certify to the Supreme Court of the State of Texas for answer:

"Question 1. In view of a rule of public policy, if there is any appli-cable, or in view of the duty that a railway company owes to the public in exercising caution in operating its cars over and across public cross-ings, are such companies relieved from responsibility for the negligent conduct of its servants in the operation of its cars, which may result in injury to one who is without fault in crossing a railway track at a public crossing, at a time when the servant has the control and management of the car and is in possession thereof by the consent of the company, but at the time of the accident the servant is using and propelling the car on the railway track for his own private use and benefit and was not at the

time performing a service for his master, and so used the car against the instructions of the master?

"Question 2. When a car is intrusted to the management and control of a servant of the company who is required to use the car on the tracks when performing his duty to the company, the use of which may be attended with danger at public crossings, and the servant operates the car on the track in his own private use and benefit and against the instructions of his master, is not this conduct, in part, the operation of the road, for which the master would be responsible if the servant was guilty of negligence to the injury of one at a public crossing?

"Question 3. Does the fact that the car was in the possession of the servant who was charged as a part of his duty with the management and control of the same make the company responsible for the negligence of the servant in operating the car upon the track at a time when the servant was not performing some duty for the master?"

We understand the first question when read in the light of the preceding statement to be in effect: the car being intrusted to Maloney by the company, to be kept and used by him in the performance of his duties as foreman of the telegraph repair gang, and he having on one occasion in question, contrary to the instructions of the company, taken the car out on the road, not in the performance of any of such duties but upon a private errand of his own, and negligently injured plaintiff's wife, is the company liable? Since the question assumes that Maloney was not at the time using the car in the discharge of his duties to the company and did not have its consent to operate it on the track, it would seem that, upon principle and authority, the nonliability of the company is so well settled that it would serve no useful purpose to attempt to restate the principles upon which the decisions in similar cases have been based, and therefore in answering the first question in the negative we content ourselves with referring to some of them. Railway v. Cooper, 88 Texas, 607; Railway v. Dawkins, 77 Texas, 229; Stephenson v. Railway, 93 Cal., 559; Cousins v. Railway, 66 Mo., 572; Robinson v. McNeill (Wash.), 51 Pac. Rep., 355.

We are of opinion that the second question must be answered in the negative. While the law imposes upon a railroad company the duty of operating its road and requires it to exercise a certain degree of care in such operation to prevent injuring persons at public crossings, it does not estop it from showing that a particular act, not done in its service or by its consent, was not in fact a part of its operation of the road. Whether such act be done by one who in other matters is the servant of the company or by a mere stranger is wholly immaterial. Whether the company is permitted by law to *authorize* the operation of its road in whole or in part by another and if not whether it would not be estopped upon principles of public policy from denying that the running of the car by Maloney upon the occasion in question was a part of its operation of the road, in case the pleadings and evidence show, as contended by appellant, that Maloney was accustomed to run the car over the track upon private errands, and that the company knew or by the use of reasonable

diligence could have known thereof, are questions upon which we express no opinion, as they are not included in those certified. For the same reason we express no opinion as to the effect upon defendant's liability of the fact of Maloney's untrustworthiness.

We are of opinion that the third question must be answered in the negative. The rule laid down in Railway v. Shields, 47 Ohio, 389, so much relied upon in argument, to the effect that the law imposes upon the master the duty of "consummate care" in the custody of things which are dangerous within themselves, such as torpedoes, and that such duty can not be shifted to another, was not intended by that court, as appears from the face of its opinion, to have any application to such a machine as a handcar, which is only dangerous by reason of improper use. By reference to the brief of counsel for defendant in error in Railway v. Cooper, 88 Texas, 608, it will be seen that it was there urged that the fact that the company had intrusted the engine to its servant made it responsible, though the latter's act of scalding plaintiff was not done in the performance of his duties, and that said Ohio case was relied upon as authority. We were then of the same opinion as above expressed in reference to that case.