INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v.
JOHN BRANCH.

Decided April 9, 1902.

1.—Handcar—Use in Employe's Private Business—Charges Construed Together.

A charge with reference to the liability of a railway company for injuries by collision at a road crossing with a handcar then being used by an employe about his private business, which required, in order to support recovery, a finding that he was and should have been known to the company to be in the habit of disobeying the company's rules prohibiting such use of the handcar committed to his charge, was to be considered in connection with a subsequent paragraph requiring a finding that he had also been guilty of negligence causing the injury in its operation, and not taken as authorizing a recovery independent of such negligence in its use. See charges held to properly present the issues in such case.

2.—Requesting Charges—Selection by Judge—Undue Prominence.

When counsel request several charges on the same issue, and the giving of all would give it undue prominence, they can not complain that the one selected to be given presents the issue less specifically than one refused.

3.—Verdict—Correction of Form.

A verdict in a personal injury case by which the jury "find the defendant guilty for the sum of fifteen hundred dollars," signed by the foreman, but without title of the case, was properly corrected in open court, by direction of the judge, so as to give it due form, before being received.

4.—Assignment of Error—Verdict Contrary to Evidence.

Appellate courts do not revise the action of the jury. Error by reason of the insufficiency of evidence to support their verdict should be assigned upon the action of the court in refusing a new trial.

Appeal from Comal. Tried below before Hon. L. W. Moore.

S. R. Fisher (N. A. Stedman, of counsel), for appellant.

F. J. Maier, for appellees.

KEY, ASSOCIATE JUSTICE.—The nature of this suit is disclosed by the instructions given to the jury, which are as follows:

"1. The plaintiff sues the defendant company for injuries inflicted upon the wife of plaintiff, damages to his buggy and horse, and expenses incurred in the treatment of his wife, alleging that these injuries were caused by a handcar of said company striking the buggy in which they were riding at the crossing of one of the streets of New Braunfels, alleging that said handcar was negligently used and thus negligently caused this injury.

"2. The defendant company, as a defense, alleges that at the time of said injury the handcar was not being used in the business of the company, but that said car was then being used only for the private use of the person operating it.

"3. The jury are charged that the uncontradicted testimony shows that at the time of the injury one Maloney, an employe of the company who had charge of the handcar, was using said car for his own

private use and was not using same for the company's business, and the company would not be liable, unless the evidence shows said Maloney to be a disobedient and untrustworthy servant, and was in the habit of disobeying the company's rules in running and using said car, and that said company knew, or could have known by the use of ordinary care, that said Maloney was in the habit of disobeying the rules of the company, which forbid the use of the handcar at night unless by order of the company.

"4. You will determine from all the facts and circumstances in proof whether said Maloney was a disobedient and untrustworthy servant, and did frequently use said handcar when forbidden by the rules of the company, and that the company did know or could have known this fact by the use of reasonable diligence, and if you so believe, then you will find for the plaintiff, if said car was negligently run and used and did thus cause the injuries. If, upon the other hand, you do not so believe, you should find for the defendant. If you find for plaintiff, you will find such an amount as damages as will fairly and justly compensate the plaintiff for the injuries he has sustained. In doing this, you will consider the pain and suffering of his wife, the value of the loss of time from labor caused by the injury, the value of any impairment she has suffered to labor or earn wages, and whether temporarily or permanently; you will estimate the value of the injury to the buggy and horse, also the expenses incurred incident to her injury, such as doctor's bill and medicine, not to exceed the several amounts sued for in plaintiff's petition."

The court also gave the following special instructions, at the instance of the defendant:

"2. Negligence is the failure on the part of the defendant, while resting under a legal duty or obligation to the plaintiff, to do what an ordinarily prudent and careful person would have done under the facts and circumstances surrounding the transaction complained of, or the doing by the defendant, while resting under a legal duty or obligation to the plaintiff, of some act resulting in injury to the plaintiff which an ordinarily prudent and careful person, under the same or similar circumstances, would not have done.

"3. The jury are instructed that by the term ordinary care, as used in the charge of the court, is meant such care as an ordinarily prudent and careful person would have exercised under all the facts and circumstances surrounding the transaction under investigation.

"10. The jury are instructed that it devolved upon the plaintiff, John Branch, in driving his buggy to a railroad crossing on one of the streets of the city of New Braunfels, to exercise such care as an ordinarily prudent and careful person would have exercised under similar circumstances, and that if he failed to exercise such care, and it contributed directly and proximately to producing or causing the injuries complained of, you will return a verdict for the defendant. In this

connection, you are also instructed that it likewise devolved upon Lavina Branch, plaintiff's wife, for alleged injuries to whom he seeks damages, also to exercise ordinary care in going upon the crossing, and if from the evidence you believe that the said Lavina Branch failed to exercise such ordinary care, and that such failure on her part contributed directly and proximately to the infliction of the injuries complained of, you will return a verdict for the defendant.

"16. The jury are instructed that the fact that the defendant, after the happening of the accident complained of, did not discharge John Maloney for using the handcar upon his own business at the time mentioned in plaintiff's petition does not prove or tend to prove that he was using the same in furtherance of the business of the company."

From a judgment in favor of the plaintiff, the defendant has appealed.

*Opinion.*—Numerous errors are assigned upon the action of the court in admitting testimony. Some of the questions thus presented were decided against appellant on a former appeal. We have reconsidered them, however, and adhere to the ruling then made. We also hold that the other rulings complained of in reference to the admission of testimony were correct.

The criticism is made against the third paragraph of the court's charge that it authorized a finding for the plaintiff without any finding by the jury that Maloney was guilty of negligence in using and handling the handcar on the occasion of the accident. We hold that this criticisms misconstrues the paragraph of the charge referred to, and that that paragraph is to be considered with the succeeding paragraph; and when so considered, the jury must have understood the charge of the court to mean that the plaintiff was not entitled to recover unless Maloney was guilty of negligence at the time of the accident. Several other criticisms are urged against the court's charge, but we hold that they are without merit.

Error is also predicated upon the action of the court in refusing the following special instructions:

"8. If from the evidence the jury believe that an ordinarily careful and prudent person, in approaching and going on a railroad crossing in the nighttime, in the dark, would have stopped and looked and listened for the approach of a train or a handcar along the track to the crossing, and that neither the said John Branch nor his wife, at the time and place of the accident, stopped and looked and listened, and that such failure on their part was negligence which directly and proximately contributed to and concurred in causing the accident resulting in injury, you will return a verdict for the defendant.

"9. The jury are instructed that the plaintiff rested under the legal duty and obligation of exercising ordinary care in driving on and over the railroad crossing,—that is, such care as an ordinarily careful and prudent person would under the circumstances have exercised in driving

on such crossing; and if you believe from the evidence that, at the time and place referred to in plaintiff's petition, he drove upon the crossing without exercising such care as an ordinarily prudent and careful person would have exercised under similar cicumstances, and that such want of care on his part contributed directly and proximately to the accident complained of, and that but for such conduct it would not have happened, you will return a verdict for the defendant."

It will be observed that the court had already given special instruction number 10, requested by appellant, relating to and covering the subject of contributory negligence. It was quite as full and specific as number 9. It was not as specific as number 8, but if the court had given both number 8 and number 10, it would have subjected itself to the criticism of giving too much prominence to the question of contributory negligence. Appellant's brief does not show that number 8 was requested and refused before number 10 was submitted to the court; and it is fair to presume that all the special charges were requested at the same time. This being the case, and the appellant having requested more than one instruction covering and submitting the issue of contributory negligence, and it not being proper for the court to give but one, appellant should not be heard to complain because the court selected number 10 instead of number 8.

No error was committed in the matter of correcting and receiving the verdict. The correction merely placed in proper form that which was already indicated by the verdict as prepared by the jury. Railway v. Locke, recently decided by this court.

The last two assignments charge that the verdict is contrary to both the law and the evidence,—is excessive, outrageous, and unconscionable; but as there is no assignment complaining of the action of the court in refusing to set the verdict aside, we are not required to revise the action of the jury. Scott v. Bank, 3 Texas Ct. Rep., 876. However, the evidence supports the findings, and we therefore find that the defendant's employe Maloney was a disobedient and untrustworthy servant, and frequently disregarded the rules of the company; which disobedience, by the exercise of reasonable diligence, could have been known to the company. We also find that Maloney was guilty of negligence on the occasion in question, in the manner charged in the plaintiff's petition, and that the plaintiff and his wife were not guilty of contributory negligence; and that the verdict is not excessive.

No reversible error has been pointed out, and the judgment will be affirmed.

*Affirmed.*