KING v. NACOGDOCHES & S. E. RY. CO. †

(Court of Civil Appeals of Texas. Galveston. March 22, 1912. Rehearing Denied April 11, 1912.)

RAILROADS (§ 392*)—ACTIONABLE NEGLIGENCE —PERSONS LIABLE.

In an action for personal injuries resulting to plaintiff's wife by reason of the team he was driving becoming frightened at the approach of a motor car negligently operated on defendant's railroad, it appeared that the car was owned jointly by a lumber company and by defendant railroad, and that, when not in use, it was kept in the lumber company's shop, but was not locked up so as to prevent unauthorized persons from taking it without defendant's knowledge; that only the general manager of the company and defendant's su-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.
† Writ of error denied by Supreme Court.

perintendent were authorized to use it; that the company's shop foreman took it from the shop, and, without the knowledge of either the company's manager or defendant's superintendent, was negligently operating it on defendant's railroad when the plaintiff's team was frightened. *Held*, that there was no actionable negligence on the part of defendant.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 902–909; Dec. Dig. § 392.*]

Appeal from District Court, Nacogdoches County; James I. Perkins, Judge.

Action by J. H. King against the Nacogdoches & Southeastern Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

King & King, of Nacogdoches, for appellant. Blount & Strong, of Nacogdoches, for appellee.

McMEANS, J. Appellant, alleging that his wife was thrown from a wagon and injured on account of his team becoming frightened at the approach of a motor car negligently operated on appellee's railroad by its agents, servants, and employés, brought this suit to recover damages therefor.

Appellee answered, denying that the parties operating the car were its servants, and specially pleaded that neither of the parties had permission to operate the car over appellee's railroad, and that the car was being operated in violation of its rules, and not for its use and benefit and without the knowledge or consent of appellee, but was being used at said time by said parties for their own private use and pleasure. To this appellant, by supplemental petition, replied that the car in question was jointly owned by appellee and the Frost-Johnson Lumber Company; that the employés of the Lumber Company, as well as those of appellee, had for years prior to the day appellant's wife was injured generally and indiscriminately run and used said motor car for their own private use and pleasure, with the knowledge of the servants of appellee having control and management of its railroad, or under such circumstances as, by the use of ordinary care, they should have known of such general and indiscriminate use of said car, by reason of which appellee could not claim nonliability on the ground that the parties operating the car were not its employés acting within the scope of their employment, and was estopped from availing itself of such defense. After all the evidence had been introduced by the parties in support of the issues raised by the pleadings, the court peremptorily instructed the jury to return a verdict for appellee, and, the verdict having been accordingly returned, judgment was entered in favor of appellee. From this judgment the appellant King has appealed.

All of appellant's assignments of error complain in different form of the action of the court in directing a verdict for appellee, and therefore will not be considered separately.

The evidence in the record justifies the following fact conclusions: On Sunday, April 17, 1910, the wife of appellant was injured by being thrown from a wagon being driven by appellant along a dirt road running parallel with, and within 15 or 20 steps of, appellee's railroad track, on account of appellant's team becoming frightened by the approach of a motor car then being negligently operated on the railroad by one W. G. Edgar. The car at this time was owned jointly by appellee and the Frost-Johnson Lumber Company, and, when not in use on the railroad, was kept in the shops of the Lumber Company at its sawmill plant. The general manager of the Lumber Company and the superintendent of appellee Railroad Company each had the right to operate the car, and to authorize others to operate it on appellee's railroad for the purpose of looking after the business of their respective principals, but no other servant or employé of either the appellee or the Lumber Company had the right to operate the car without the express authority of the general manager of the Lumber Company or the superintendent of the Railway Company. W. G. Edgar, who was operating the motor car at the time of the injury to appellant's wife, was employed by the Lumber Company as shop foreman, but his duties as such had no connection with the operation of said car, nor was he intrusted with the control or possession of the car. Prior to the time of the injury of appellant's wife various parties at different times, usually on Sundays, without authority from any person authorized to give it, had taken the car out of the shops and run it over appellee's railroad for purposes or pleasures of their own, but the evidence shows without dispute that this was unknown to the manager of the Lumber Company or to the superintendent of the Railway Company, who were the only persons who had the right to authorize such use of the car. It was shown that Edgar had thus used the car several times; the last time before the accident being two weeks. The fact of his use of the car on this occasion coming to the knowledge of the superintendent of the Railway Company he complained thereof to the manager of the Lumber Company, and this official reprimanded Edgar for his unauthorized use of the car, forbade his using it again, and told him that, if he did so, he would be discharged. On the Sunday of the accident Edgar again took the car without authority, and, in company with a man and three ladies, was operating it over the road in such a manner as to frighten appellant's team of mules, causing them to run away, and throw his wife out of the wagon. Edgar on the next day was discharged from the service of the Lumber Company by its man-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ager for this disobedience of his order. The car when in the shops was not locked up or otherwise so secured as to prevent unauthorized persons from taking it out clandestinely and running it over the railroad, and the place where it was kept was such that any who knew how to operate the car could have gotten it and run it on the track. No rules in regard to the operation of the car were ever published.

Under the foregoing facts the court did not err in instructing a verdict for appellee. The cases relied upon by the appellant do not sustain his contention. In all of these cases the party to whose negligence the injury complained of was attributable was the servant of the party against whom damages were sought, and the questions involved in most of them were whether the servant was engaged in the business of the master at the time of the injury, or whether the servant was an untrustworthy and disobedient servant, which the master knew, or by the exercise of ordinary care ought to have known. In this case the relation of master and servant did not exist between Edgar and appellee, nor did there exist between them any relation of principal and agent. In Branch v. Railway Company, 92 Tex. 288, 47 S. W. 974, 71 Am. St. Rep. 844, a case strongly relied upon by appellant, the facts, as shown in the certified questions to the Supreme Court, were, in substance, that one Maloney was a foreman of the railway company in charge of a telegraph repair gang; that he was intrusted with the possession of a hand car to be used by him for the benefit of the company; that at the time of the injury to plaintiff which gave rise to the suit Maloney was using the hand car for his own private use and benefit, and was not at the time engaged in the performance of any duty imposed upon him by the railway company. In answering a certified question based on substantially these facts the Supreme Court says: "We understand the first question when read in the light of the preceding statement to be in effect: The car being intrusted to Maloney by the company, to be kept and used by him in the performance of his duties as foreman of the telegraph repair gang, and he having on one occasion in question, contrary to the instructions of the company, taken the car out on the road, not in the performance of any such duties, but upon a private errand of his own, and negligently injured plaintiff's wife, is the company liable? Since the question assumes that Maloney was not at the time using the car in the discharge of his duties to the company and did not have its consent to operate it on the track, it would seem that, upon principle and authority, the nonliability of the company is so well settled that it would serve no useful purpose to attempt to restate the principles upon which the decisions in similar cases have been based, and therefore in answering

the first question in the negative we content ourselves with referring to them. Railway v. Cooper, 88 Tex. 607 [32 S. W. 517]; Railway v. Dawkins, 77 Tex. 229 [13 S. W. 982]; Stephenson v. Railway, 93 Cal. 559 [29 Pac. 234, 15 L. R. A. 475, 27 Am. St. Rep. 223]; Cousins v. Railway, 66 Mo. 572; Robinson v. McNeill [18 Wash. 163], 51 Pac. 355." If, then, the car which had been intrusted to Maloney's possession was being used by him for his own use and benefit, and not in the discharge of any duty he owed to the railway company, established the nonliability of the latter for damages for injuries occasioned by such unauthorized use, we cannot see under what principle it can be contended that the appellee should be held liable for the unauthorized use by Edgar of the motor car for his own private business or for pleasure, he not being a servant of appellee, and never having been intrusted by it with the possession or control of the car. On another trial of the Branch Case the liability of the railway company was, by the court's charge, made to depend upon whether the evidence established that Maloney, the foreman, was a disobedient and untrustworthy servant, and was in the habit of disobeying the company's rules in running and using the hand car. From a judgment in favor of plaintiff an appeal was taken and the judgment affirmed by the Court of Civil Appeals (29 Tex. Civ. App. 144, 68 S. W. 338), and a writ of error denied by the Supreme Court. In deciding the case Associate Justice Key says: "However, the evidence supports the findings, and we therefore find that the defendant's employé, Maloney, was a disobedient and untrustworthy servant, and frequently disregarded the rules of the company, which disobedience, by the exercise of reasonable diligence, could have been known to the company."

Manifestly this decision does not help the appellee. Edgar was not its servant, and had no custody or control of the motor car. His employment by the Lumber Company gave him no rights in respect of the use of the car, in so far as his unauthorized use of it would affect appellee's liability, than would its unauthorized use by any trespasser or other person not even remotely connected with either company. But it is contended that there was a general and indiscriminate use by unauthorized persons of the motor car, and that, if such use was unknown to appellee, it was negligent in not knowing it and in not guarding against such use. The answer to this contention is that the unauthorized use of the car by other persons than Edgar did not cause the damage for which appellant sues, and that such use by Edgar had been discovered by the superintendent of the Railroad Company and the manager of the Lumber Company, the joint owner with appellee of the car, and that Edgar had been commanded by his principal to desist from such further use under the penalty of dis-

charge. The evidence does not tend to prove that either company had reason to believe that Edgar would disobey the positive command of his principal, and it is conclusively shown that the first and only time he did disobey them was on the occasion of the injury to appellant's wife.

We think the evidence wholly failed to show actionable negligence on the part of the appellee in the matters complained of by appellant, and the judgment of the court must therefore be affirmed.

Affirmed.