CHRISTENSEN et al. v. CHRISTIANSEN.

(Court of Civil Appeals of Texas. Galveston. Feb. 13, 1913. Rehearing Denied April 24, 1913.)

1. MASTER AND SERVANT (§ 302*)—INJURIES TO THIRD PERSONS—SCOPE OF EMPLOYMENT.

Where defendant's servant, employed about a garage and frequently sent out in charge of cars for carrying passengers, had no authority to use defendant's automobile in carrying plaintiff and his wife as passengers for hire, and was using it without defendant's consent and outside the scope of his employment, the defendant was not liable for injuries to plaintiff resulting from his negligent operation of the car.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229; Dec. Dig. § 302.*]

2. MASTER AND SERVANT (§ 330*)—INJURIES TO THIRD PERSONS — ACTIONS — PRESUMPTION.

Where plaintiff in an action for injuries resulting from the negligence of defendant's servant in operating an automobile for hire shows that defendant is the owner of the automobile, and that the servant was employed by defendant as driver of the automobile, he makes out a prima facie case against defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272; Dec. Dig. § 330.*]

Appeal from District Court, Galveston County; Clay S. Brigg, Judge.

Action by Edwin Christiansen against John Christensen and J. Rasmussen. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

Stewarts, of Galveston, Geo. T. Burgess, of Dallas, and John E. Quaid, of Galveston, for appellants. J. L. Darrouzet and James B. & Charles J. Stubbs, all of Galveston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against the appellants, who compose the firm of John Christensen & Co., to recover damages for personal injuries sustained by him and his wife as the result of the alleged negligent overturning of an automobile of appellants in which appellee and his wife were riding as passengers, and which it is alleged was then and there being operated "by appellants and their agents and servants." It is alleged that the automobile car was run at an excessive, dangerous, and unlawful rate of speed, and on the wrong side of the street or roadway, and though it was nighttime, and very dark, there were no lights on the car, and as a result of such negligence the car ran against a bridge or culvert, collided with a buggy, and was overturned, and appellee and his wife were painfully and seriously injured. The damages sought to be recovered are $10,000 for injuries to appellee and $10,000 for injuries to his wife.

The answer contains a general demurrer and numerous special exceptions, the nature of which it is unnecessary to state. Defendants also deny all the allegations of the petition, and specially deny that they were common carriers of passengers, and denied specially that any of the acts complained of were done by defendants or any one authorized to act for them in the capacity of servant or agent. Defendants further set up that the alleged injuries were caused by plaintiff and his wife assuming the risk of riding in the automobile when in the condition described in plaintiff's amended petition, and whatever injuries and damage resulted were caused by plaintiff's negligence in becoming a passenger in the automobile under the condition alleged, "and defendants further alleged that the machine was under the direction of the plaintiff on the night complained of, and the driver of said car was driving according to the directions of the plaintiff, and plaintiff at all times had control over the machine and driver, and the matters complained of were caused by the plaintiff himself and by the driver follow-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ing the plaintiff's directions and instructions."

The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff for the sum of $2,500.

The evidence is sufficient to sustain the conclusion that appellee and his wife were injured as alleged in the petition by the overturning of an automobile owned by appellants, and in which appellee and wife were riding as passengers, that the overturning of the car was due to the negligence of the driver, as alleged in the petition, and appellee was not guilty of contributory negligence. The evidence also sustains the verdict of the jury as to the amount of damages awarded appellee.

Upon the issue of whether the driver of the car at the time he accepted appellee and his wife as passengers, and undertook to transport them to their desired destination, was the agent and servant of appellant and was acting in the scope of his employment, the evidence is as follows: The appellants own and conduct a garage and automobile repair shop in the city of Galveston. At the time of the accident in which appellee and his wife were injured, and for some time prior thereto, appellants had only two cars in use—one a Ford car, numbered 120, and the other a Rambler, numbered 159. The Rambler car was used in rent service and kept on the streets for the purpose of hire and the carriage of any one who would pay for transportation therein. The Ford car was principally used in connection with the repair business, to carry workmen out to repair cars that had broken down on the road, and to bring cars out of repair to the shop to be repaired. This car was also occasionally rented out on special orders to carry passengers. An employé of the appellants named Sutherland was the driver of the Rambler, and was out in that car looking for business on the night of May 10, 1910, which was the date of the accident in which appellee and his wife were injured. Appellants also had in their employ two repair men, one named Gay and the other Ericson. These men were mechanics and worked generally in the repair shop, but both were automobile drivers, and whenever occasion demanded one or the other would take the Ford car and go out to repair cars that had broken down or were out of order, or to bring such cars to the shop for repairs; and, whenever the Ford was sent out on special order to carry passengers, one or the other of these men would drive it. Ericson had frequently been sent out with the said automobile when a call for such service was made at the shop and the other automobile was engaged. He had several times taken parties down the island to the lifesaving station. He was employed by the week in the capacity before stated, and his hours of service were from 7 o'clock a. m.

to 12 m. and from 1 p. m. to 6 p. m. He had no authority from appellants to take the Ford car out of the shop or to use it for any purpose except as before stated, and was not required or expected to be about the shop after his day's work was over. His fellow workman in the repair shop, Gay, lived in a cottage adjoining the shop, and kept a key to the shop, and had charge of it after appellants left in the evening. He had a telephone connected with the telephone in the shop, and all calls for assistance in the nighttime by patrons of the shop were answered by him. When a call from a patron came at night, Gay had authority to take the Ford car, and go out to the relief of any patron who needed assistance. This was the extent of his general authority to use the Ford car at night. He had no authority to permit Ericson or any one else to take this car out at night for any purpose.

On the night of May 10, 1910, Gay had taken a party of friends out to the beach in the Ford car, and returned to the shop with the car about 11 o'clock. He stopped in front of the shop, and got out of the car to unlock the shop door, and put the car up. Just at this time Ericson came from across the street, got in the car and drove off, saying that he was going to a resort down the Island known as Little Germany to get some friends who had telephoned him to come for them. Gay testified that he did not let Ericson "have the car; he took it."

The appellee testified that on May 10, 1910, his wife, himself, and two friends were at the beer garden known as "Little Germany," and at 12 o'clock, when they got ready to come home, they found that the street cars had stopped running; that Ericson was there with an automobile, and appellee and his party engaged him to bring them to the city, and agreed to pay him 50 cents a piece for such service. He had never ridden in a car with Ericson before, but he had seen him driving a car about a year before that when he took a friend of his down to the lifesaving station. Harold Hansen, a witness for appellee, corroborates appellee as to the agreement of Ericson to bring appellee and his party to the city for 50 cents a piece. After making this agreement, they got into the car and started back to the city, and had proceeded only a short distance when the car was overturned, and appellee and his wife injured as alleged in the petition. The facts above stated as to the scope of Ericson's authority and the duties of his employment were testified to by both the appellants and the witnesses Gay and Sutherland. Ericson had left the state, and his testomony could not be procured. In an effort to contradict this testimony, appellee introduced a number of witnesses who testified that at various times they had seen Ericson driving a car of appellants, and on several occasions when the witnesses had wanted a

car from appellants Ericson had been sent with the car as driver. Two or three witnesses testified that they had seen Ericson on the streets in a car of appellants soliciting passengers, but did not fix this at a time which contradicted the testimony of appellants that Ericson had not been sent out with a car in the general passenger service for more than six months before the accident in which appellee and wife were injured.

Under appropriate assignments of error, appellants complain of the verdict and judgment on the ground that the undisputed evidence shows that Ericson in undertaking to transport appellee and wife on the occasion of their injury was not acting in the capacity of servant or agent of appellants, and therefore they cannot be held liable for injuries caused by his negligence.

[1, 2] If Ericson, at the time he took appellee and his wife into appellants' car and agreed to carry them to their destination, was using the car without the consent of appellants and was not in the discharge of the duties of his employment, no rule of law is clearer in principle or better supported by authority than that appellants are not liable for injury to appellee and wife caused by the negligent operation of the car by Ericson. In the case of King v. Nacogdoches & Southeastern Ry. Co., 146 S. W. 300, the principles upon which this rule is based are stated and many of the authorities in support of the rule are cited. A principal or master being only responsible for the negligent acts of his agent or servant done by his direction or command or within the scope of the servant's employment, it is necessary in an action seeking to hold one person liable for the act of another to show, not only the existence of the agency or relation of master and servant, but that the act complained of was within the scope of the servant's employment or agency. In other words, the act must have been done while the servant was in the performance of the duties of his employment. This rule has been applied in a number of cases in which the owners of automobiles have been sued for damages caused by the negligent acts of their drivers.

In the case of Lewis v. Amorous, 3 Ga. App. 50, 59 S. E. 339, the Supreme Court of Georgia states the rule, and cites a number of automobile cases in which its application is illustrated. See, also, Lotz v. Hanlon, 217 Pa. 339, 66 Atl. 525, 10 L. R. A. (N. S.) 202, 118 Am. St. Rep. 922, 10 Ann. Cas. 731. We think in a case of this kind when the plaintiff, as was done in this case, proves that the defendant is the owner of the automobile, and the driver is employed by the defendant as driver of his automobile, that a prima facie case is made against the defendant. If, however, it appears from the evidence that at the time in question the driver was using the automobile without authority of the owner, and was not in so using it discharging the duties of his employment, the owner is not liable for the negligence of the servant in operating the machine. We think the undisputed evidence, the substance of which we have before set out, shows that the driver, Ericson, was not in the performance of the duties of his employment in accepting appellee and wife as passengers in appellants' car, and undertaking to carry them to their destination. The uncontradicted testimony of appellants and the witnesses Gay and Sutherland shows that he had no authority to take the car out of the shop, and it was taken without the consent or knowledge of appellants. The fact that he was in appellants' employment, and that he had frequently been sent out by appellants as the driver of cars used by them for the transportation of passengers, does not tend to contradict the testimony of appellants and their witness that he was not authorized to take the car out on the occasion in question. Appellants testified that they had sent him out on other occasions, and there is no conflict between their testimony and that offered by the appellee.

If the doctrine of estoppel based upon the apparent authority of an agent could be applied in a suit in which the principal is sought to be charged with the negligent act of the agent, neither the pleadings nor the evidence in this case presents that question. We think the assignments before mentioned should be sustained.

This conclusion renders it unnecessary to discuss the other assignments presented in appellants' brief.

We deem it proper to say that much of appellants' lengthy brief is taken up in the presentation of questions of no consequence or materiality in determining the merits of the appeal. At least two-thirds of the many assignments of error contained in the brief present inconsequential and immaterial points. Counsel in preparing briefs for an appellate court should not so burden the court, and require us to waste valuable time in reading assignments and propositions presenting issues that are not material to the disposition of the appeal. The practice of writing unnecessarily long briefs seems to be growing, and often the pleadings and arguments filed in this court could be more properly designated a book than a brief. This practice is the cause of much of the delay in the determination of appeals and should be discontinued by the profession.

Having reached the conclusion that upon the undisputed evidence the appellants are not liable for the injuries complained of by appellee, it follows that the judgment of the court below should be reversed and judgment here rendered for appellants, and it has been so ordered.

Reversed and rendered.