BEAUMONT & G. N. R. CO. v. GONZALES.

(Court of Civil Appeals of Texas. Galveston. Jan. 13, 1914. Rehearing Denied Feb. 5, 1914.)

1. APPEAL AND ERROR (§ 1002*)—FINDINGS—CONFLICTING EVIDENCE.

A verdict rendered on conflicting evidence will be sustained on appeal, as to the facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. MASTER AND SERVANT (§ 89*)—SCOPE OF EMPLOYMENT.

Under the rule that a servant injured in the performance of an act not done in furtherance of the master's business cannot recover therefor against the master, a track laborer, who was injured by a hand car derailing while he and his foreman and other laborers were running handcars at night for the purpose of taking two camp cooks to town on a social visit, could not recover, though plaintiff was required by his foreman to make the trip and told that he would be allowed extra time therefor; plaintiff knowing that the work in which he was engaged was not in furtherance of the employer's interest.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 153–156; Dec. Dig. § 89.*]

Appeal from District Court, Trinity County; S. W. Dean, Judge.

Action by Antonio Gonzales against the Beaumont & Great Northern Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Kenley & Minton, of Groveton, and Alex S. Coke and A. H. McKnight, both of Dallas, for appellant. Crow & Phillips, of Groveton, and Augustus McCloskey, of San Antonio, for appellee.

McMEANS, J. Antonio Gonzales brought this suit to recover damages for personal injuries sustained by him while in the employment of the Beaumont & Great Northern Railroad Company, and upon a trial before a jury recovered a judgment for $2,750. The defendant has appealed.

Gonzales was one of a gang of laborers engaged in relaying defendant's railroad tracks and improving its roadbed, and was working under the direction and control of one Andrews, defendant's vice principal. The gang was camped about four or five miles from the town of Trinity. Two negro women did the cooking at the camp. On Saturday night, January 21, 1911, the two women desiring to go into town for the purpose of visiting their mother, the foreman, Andrews, arranged to take them in by the use of hand cars. To do this he attempted to use two hand cars in the following manner: The cars were placed upon the track about six feet apart,

and a plank was placed upon them, extending from one of the cars to the other, and the women were seated on this plank over the space between the cars. The foreman went with the cars and seated himself upon the front of the first car. Each of the cars was propelled, or "pumped," by four men; one of them being Gonzales. This was a dangerous and negligent method of handling the cars and resulted in the derailment of one of them and the injury of Gonzales, who was damaged in the amount found by the verdict of the jury.

Defendant at this time had a rule in force, of which both the foreman and Gonzales had been informed and knew, prohibiting the use at night of hand cars, except on business of the company, or in case of sickness; and in the event last stated the foreman was required to accompany the car. There was some dispute in the testimony as to whether Gonzales was required by the foreman to go upon the cars on the night in question. The foreman testified that he was undertaking to take the laborers and the two women to town, at their earnest solicitation, to see a show or carnival then exhibiting in Trinity. This was denied by Gonzales, who, on this point, testified as follows: "The hand car wrecked because the foreman told me they were going to town to take the two hand cars to take the two negro women down town. The foreman told us that he wanted to go to town to take two negro women that were cooking in the camp, and he says, 'I want eight men to go with me.' He says, 'Want you to go with me, too,' and I says, 'I can't go to-day; I have worked all day;' and I go to my car to bed. And in about 15 or 20 minutes he call me again that he want me to go with him. He says, 'I want you to go with me because you know the road all right and you go with me and I will give you overtime;' and I says, 'All right;' and I says, 'Which car?' and he says, 'Want you on the front car because you know the road.' It is not a fact that I was going to Trinity that night to a show. Me and those negro women and those other Mexicans were not going to Trinity to a show that night. Mr. Andrews (the foreman) told me he wanted to take the two negro women to town. They were going to see their mother in Trinity. Those negro women were the cooks in the camp. It was about 7 o'clock. We had all come in from our day's work and had eaten supper. Our day's work was over. It was about Saturday. I did not hear anything said about seeing those hobby horses and flying jennies and merry-go-rounds in Trinity. I don't know about there being a carnival company in Trinity at that time. I don't know about me and cooks and all the rest of the gang discussing going to Trinity that night to a carnival. I don't know about going to the show. He told me he would give me overtime to make me go. I told him first I couldn't go; that I wanted to go lay down; that I had been working all day."

[1] In deference to the verdict we find the testimony of plaintiff to be true.

Appellant's first assignment of error is based upon the refusal of the court to give its first special charge peremptorily instructing the jury to return a verdict in its favor.

Appellant contends that the peremptory instruction should have been given for the reason that the undisputed evidence shows that the act out of which the plaintiff's injury grew was done without the scope of the foreman's general authority, and was not in furtherance of the master's business, nor for the accomplishment of the object for which the servant causing the injury was employed.

[2] We think the assignment must be sustained. We take it as true that the foreman insisted upon plaintiff accompanying the car, and promised to allow him overtime for so doing. But these facts do not take the case out of the general rule that denies a recovery to a servant who is injured in the performance of an act not done in furtherance of the master's business and for the accomplishment of the object for which the servant is employed. While it is true that plaintiff acted upon the request of the foreman and upon promise of payment for overtime, he knew that the mission was not in furtherance of the business of the master, but purely private, for he says the purpose of the trip was to take the two negro women to town, and that they were going to see their mother in Trinity.

Branch v. Railway, 92 Tex. 288, 47 S. W. 974, 71 Am. St. Rep. 844, involved a cause of action for injuries to a traveler on a highway, as a result of a collision with a hand car being operated by a section foreman of the railway company on a private mission. The case reached the Supreme Court on certified question, but the effect of the answer was to hold that, under the facts, a recovery could not be had. The court said that assuming that the section foreman was not at the time using the car in discharge of his duties to the company, and did not have its consent to operate the same, "it would seem that, upon principle and authority, the nonliability of the company is so well settled that it would serve no useful purpose to attempt to restate the principles upon which the decisions in similar cases have been based, and therefore, in answering the first question in the negative, we content ourselves in referring to some of them. Railway v. Cooper, 88 Tex. 607 [32 S. W. 517]; Railway v. Dawkins, 77 Tex. 229 [13 S. W. 982]; Stephenson v. Railway, 93 Cal. 559 [29 Pac. 234, 15 L. R. A. 475, 27 Am. St. Rep. 223]; Cousins v. Railway, 66 Mo. 572; Robinson v. McNeill [18 Wash. 163] 51 Pac. 355." The following cases are substantially to the same effect: Railway v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902; Railway v. Currie, 100 Tex. 136, 96 S. W.

1073, 10 L. R. A. (N. S.) 367; Railway v. Bush, 104 Tex. 26, 133 S. W. 245, 32 L. R. A. (N. S.) 1201; King v. Railway, 146 S. W. 300; Studebaker v. Kitts, 152 S. W. 464; Christensen v. Christiansen, 155 S. W. 995.

We think that, under the facts proven, no liability of appellant to appellee was shown, and that the peremptory instruction requested by appellant should have been given. The objection urged by appellee to a consideration of the assignment, and his contention that the refusal to give the charge, if error, was invited error, are without merit. Railway v. Beasley (Sup.) 155 S. W. 183. The judgment of the court below is reversed, and judgment is here rendered for the appellant.

Reversed and rendered.