## International & Great Northern Railroad Company v. Will Cooper.

### No. 330.

**1. Liability of Master for Act of Employes.**

An engineer and fireman in charge of a freight train permitted Cooper to ride in the cab. They had no authority to do so. In playing a practical joke upon Cooper, they scalded him, inflicting a serious bodily injury. In suit by Cooper against the railway company, *Held*, that the act of the engineer and fireman causing the injury was not in furtherance of the business of the railway company nor in the accomplishment of the object for which they were employed. and that the railway company was not liable ....... 610

**2. Same—Case in Judgment.**

Cooper was allowed to enter and occupy the cab in a freight train. He was not a passenger. The fireman inserted the end of a hose in Cooper's pocket, without his knowledge. The engineer, for amusement, turned hot water into the hose, thinking it was cold water, scalding him. *Held*, that the acts of the engineer and the fireman were not in the real or apparent scope of their duty, and that the company was not liable for the injury to Cooper 610

Error to Court of Civil Appeals for Third District, in an appeal from Robertson County.

The ground upon which the writ of error was asked was error in the trial court and in the Court of Civil Appeals, in holding that the defendant company was liable to plaintiff for the acts of the engineer and fireman in discharging hot water upon plaintiff by mistake, when they only intended to discharge cold water, for their own amusement.

"It was error to so hold, because said act was done by said servants outside of their duty to the master, and outside of the scope of their employment; and such an act could not have been contemplated by the master when said servants were employed and said implements placed in their hands.

"Said act was in no way connected with the operation of the engine, and was not done as part of their duty to defendant, or in furtherance of its business or interest, or in discharge of any duty to it; but was done by said employes on their own personal account and for their own private amusement, and to serve a purpose of their own entirely foreign to their duties to defendant."

*G. H. Gould,* for plaintiff in error, cited Echols v. Dodd, 20 Texas, 190; Railway v. Anderson, 82 Texas, 520; Mott v. Ice Co., 73 N. Y., 543; Snyder v. Railway, 60 Mo., 413; Howe v. Newmarch, 12 Allen, 49; Railway v. Wetmore, 19 Ohio St., 110; Pinkerton v. Gilbert, 22 Ill. App., 568; Sawyers v. Martin, 25 Ill. App., 521; Mechan v. Moorewood, 52 Hun, 566; Faber v. Railway, 32 Mo. App., 378.

*W. O. Campbell,* for defendant in error.—When dangerous agencies are intrusted by the master to the servant for use in the prosecution of the master's business, such custody and use become a part of and are within the scope of the servant's employment; and if from the negligence of the servant either in the use or custody of such dangerous agencies, injury results to third persons, the master is liable for such injury; and in such case it is immaterial, in so far as the liability of the master is concerned, what motive influenced the servant, or to what use or purpose he may have applied such agencies, or whether the act causing the injury was authorized or forbidden by the master. Railway v. Box, 81 Texas, 670; Railway v. Derby, 14 How., 486, 487; Railway v. Shields, 24 N. E. Rep., 658; Railway v. Starnes, 9 Heisk. (Tenn.), 52; Railway v. Dickson, 88 Ill., 431; 2 Willson's C. C., sec. 475.

BROWN, Associate Justice.—In the year 1891, the International & Great Northern Railroad Company, a corporation created under the laws of the State of Texas, was in the hands of T. M. Campbell, as receiver, and the road was being operated by him. On the 14th day of September, 1891, one McMillan was in the employ of T. M. Campbell, receiver, and was in charge of and operating a locomotive as engineer, pulling a freight train on the said railroad from San Antonio to Palestine. Plaintiff below, Willie Cooper, with the consent of the engineer and fireman operating said locomotive, got on the tender of the locomotive at Lake station to go to Marquez, another station on the said road. While on the trip, and while the engineer and fireman were engaged in running and operating the locomotive, and while Willie Cooper was on the tender of the locomotive, with the consent of the engineer and fireman, the fireman, without the knowledge or consent

of Cooper, introduced the end of a nozzle or hose, connected with the boiler, in the hip pocket of Cooper, and the engineer, by means of the appliances or apparatus of the machinery, turned upon Cooper hot water or steam, which scalded and injured him; the injuries were painful, and caused Cooper to be confined to his bed for several weeks, and are of a permanent character, scarring and defacing his body from his right hip to the heel of his right foot, by which injury he is rendered unable, as he formerly was, to earn a living as a laborer. Cooper was at the time a minor.

It was not the intention of the engineer and fireman to scald Cooper, but they intended, for their amusement, to discharge cold water upon him. The hose was capable of discharging cold water, but was so arranged at the time as to discharge steam and hot water from the boiler. By the exercise of reasonable diligence the engineer might have ascertained the fact that the valve and appliances were so arranged as not to discharge cold water. The act was done while the engineer and fireman were engaged in their business and employment of operating a locomotive engine, pulling a train on the said road.

In October, 1892, T. M. Campbell was discharged as receiver of said railroad company, and turned the property over to the said company. During the time that the property was in the hands of Campbell, as receiver, improvements were made with the earnings of the said road of greater value than the claim of plaintiff, and the property so improved was received by the railroad company from the receiver.

The only question presented in the case is, was Campbell, as receiver, responsible for the acts of the fireman and engineer in turning the hot water or steam upon Willie Cooper, under the circumstances stated?

It is not claimed that Willie Cooper, at the time he received the injury, was a passenger on the defendant's train. He was upon the tender of a freight train, by the consent of the engineer and fireman; but this does not make him a passenger. If he had been a passenger, the rule of liability on the part of the master would have been entirely different to that which is applicable to the present case.

The dangerous character of the machinery does not affect the question in this case, because the injury did not result from the dangers connected with the operation of such machinery.

The liability of the receiver in this case depends upon the question as to whether or not, in performing the act by which the plaintiff was injured, the employes, the engineer and fireman, were acting within the scope of their authority and in the discharge of a duty in furtherance of the business of their employer. The rule applicable to the facts of this case is clearly and succinctly stated by Judge Gaines, in the case of the International & Great Northern Railroad Company v. Anderson, 82 Texas, 520, in this language: "To hold the master liable for the act of his servant, it is not necessary that the servant should have the authority to do the particular act. The act of the servant

may be contrary to his express orders, and yet the master may be liable. But the act must be done within the scope of the general authority of the servant. It must be done in furtherance of the master's business, and for the accomplishment of the object for which the servant is employed. For the mode in which the servant performs the duty he is engaged to perform, if wrongful and to the injury of another, the master is liable, although he may have expressly forbidden the particular act."

In that case, a brakeman had ejected the person riding upon a freight train, and the suit was for damages caused by his act. The brakeman was not authorized to perform the act, although it might have been said to be done in the interest of the master. In Wood on Master and Servant, pages 524, 525, this doctrine is in substance asserted and in fact it is the rule sustained and promulgated by the text writers generally, and by the adjudicated cases involving such questions. Dodd v. Echols, 20 Texas, 191; Mott v. Ice Co., 73 N. Y., 543; Snyder v. Railway, 60 Mo., 413; Howe v. Newmarch, 12 Allen, 49.

In this case, the fireman and engineer were, at the time the injury was inflicted, in the employ of Campbell, receiver, and were engaged in the performance of a service to him; that is, they were operating a locomotive, each performing his duty as engineer or fireman. The injury, however, did not occur from anything done in the performance of such duty, but by the independent act of the servants, in nowise connected with the duties thus being performed. It is true that circumstances might have required the discharge of hot water from the boiler by means of the appliances used in this instance, but upon this occasion the evidence shows that the act done was not for the purpose of discharging a duty, but simply as one of sport and mischief on their part towards the injured party.

The distinction lies in this, that if the act done, that is, the discharge of the hot water, was one authorized to be done by the servants, and was at the time being done in the discharge of their duty as such servants, then the master would be responsible for the consequences to the plaintiff, although the servants might, in the discharge of their duty, maliciously or mischievously have thrown the water upon the plaintiff. It can not be said that the act of putting the water upon the plaintiff must have been authorized, because such an act would never be authorized by a master; but it is the act itself of discharging the hot water that must have been done in the course of the employment of the servant, and for the purpose of forwarding the business of the master. It does not matter that the servant might have used the same appliances in the discharge of a duty to the master, but the question definitely and distinctly presented is, was the servant in the particular case in the discharge of such duty? And as before said, if thus in discharge of a duty, the manner of its performance, if wrongful, whether that be negligently done, maliciously or in sport, does not affect the question of liability.

We conclude, therefore, that under the facts as presented in this case the receiver was not responsible for the injury inflicted upon the plaintiff by his employes, and that the judgments of the District Court and the Court of Civil Appeals were erroneous in so holding him to be liable. The receiver not being liable at the suit of a plaintiff, the defendant, the railroad company, is not liable, and the judgments of the District Court and of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 4, 1895.