174

## MAGNOLIA PETROLEUM CO. v. GUFFEY.
### No. 1080.

Court of Civil Appeals of Texas. Eastland.
March 10, 1933.

Rehearing Denied April 28, 1933.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, and W. H. Francis and A. S. Hardwicke, both of Dallas, for appellant.

Scarborough, Ely & King, of Abilene, for appellee.

FUNDERBURK, Justice.

On December 24, 1930, Bob Lawson, who had charge of a filling station belonging to the Magnolia Petroleum Company, and was engaged in selling oil and gas for said company and collecting and remitting the proceeds, drew a pistol upon Grady Guffey, and by putting him in fear of death or serious bodily injury restrained him of his liberty for several hours. An hour or so previously Guffey had driven into the station, purchased a small quantity of oil and gas, left a tire to be repaired, and gave his check for four or five dollars more than the price of the oil and gas and received the difference in cash. According to the testimony of Guffey, when, on the occasion in question, he had returned for the tire, Lawson drew the gun on him and informed him that the check was no good, refused, for a time, to let him step across the street to get the money, held him in the station with the gun for an hour or longer, then permitted him to cross the street and get the money, which he did, but meanwhile being watched by Lawson with the gun in his hand. When Guffey returned, paid the money, and started to leave, he was further forbidden to do so, and, under threat to shoot him if he attempted to do so, was thus detained for an hour or so longer. The reason given for holding him after the money was paid was that certain officers of the law wanted him and he was being held for them upon another charge of giving a cold check.

This suit was brought by Guffey against the Magnolia Petroleum Company, claiming damages for false imprisonment on the theory that Lawson was its agent and his acts complained of were within the scope of his authority as such agent. Among other defenses pleaded by appellant were that Lawson was not the agent of defendant; that he was an independent contractor; that, even if he was its agent, his acts complained of were not within the scope of his employment; that he was acting for himself and for certain officers of Taylor county who claimed to have a warrant for Guffey's arrest, and had requested Lawson to hold Guffey for them.

The jury to whom the case was submitted on special issues found the fact of the false imprisonment; that Lawson was acting within the scope of his authority as the agent of the defendant; that he forcibly detained plaintiff on the occasion in question before the latter paid off and redeemed the check; and that plaintiff suffered damages in the sum of $4,625. From the judgment for plaintiff defendant has appealed.

By appellant's first proposition it is contended that there was no evidence that Lawson had authority, express or implied, unlawfully to detain appellee, and hence the court erred in refusing a peremptory instruction for appellant. By the second proposition it is contended that the undisputed evidence showed that Lawson was acting in his own behalf and that of the constable of precinct No. 1 of Taylor county, who had a warrant for the arrest of appellee on a matter entirely disconnected from the transaction at the filling station, and hence the court should have directed a verdict for appellee.

■ The undisputed evidence shows, we think, that Lawson was the servant and agent of appellant, and was not an independent contractor. Spears Dairy v. Bohrer (Tex. Civ. App.) 54 S.W.(2d) 872. The filling station and the oil and gas belonged to appellant. In selling the oil and gas, and in collecting and paying over the proceeds, Lawson acted for appellant. The nature of these duties was such, we think, as to imply the right of control by appellant over him within the definition of agent as heretofore approved by this court. Tarver, Steele & Co. v. Pendleton Gin Co. (Tex. Civ. App.) 25 S.W.(2d) 156; Baldridge v. Klein (Tex. Civ. App.) 56 S.W. (2d) 897.

Unless Lawson had other authority than such as he possessed as the agent of appellant, the act complained of was a criminal offense. There exists no presumption that, because Lawson was the agent of appellant, the commission of such offense was within the scope of his employment. The false imprisonment included, as shown by the undisputed evidence, an assault. Principles relative to the liability of the master for assaults of his servant are therefore deemed applicable. The undisputed evidence showed, we think, that it was a part of the duties of Lawson's employment to collect the sales price of oil and gas sold. The money, when collected, was the money of appellant. "According to some decisions, where a servant is intrusted with the duty of collecting money due the master, an assault made by the servant to enforce payment is within the scope of his authority and the master is liable." 39 C. J. p. 1309, § 1509, note 26. Cited as supporting the text is the recent case of Taylor v. Esparza (Tex. Civ. App.) 8 S.W.(2d) 288. On the same point, C. J. further says: "Other decisions hold the contrary. And a fortiori is the master not liable for an assault made by the servant where the servant is himself accountable to the master for the price of goods delivered without collecting the charge and the assault is made by the servant after delivery of the goods without collecting the amount due, to enforce payment thereof." 39 C. J. 1309, § 1509, notes 27 and 28; McDermott v. American Brewing Ass'n, 105 La. 124, 29 So. 498, 52 L. R. A. 684, 83 Am. St. Rep. 225; Steinman v. Baltimore Antiseptic Steam Laundry, 109 Md. 62, 71 A. 517, 21 L. R. A. (N. S.) 884; Contra: Craven v. Bloomingdale, 54 App. Div. 266, 66 N. Y. S. 525.

Appellant's contention would, in principle, call for application of that part of the text last quoted. It is argued, in effect, that the undisputed evidence showed that Lawson had no authority to accept checks, and that, when he did so, the checks belonged to him and he became liable to account to appellant for the cash, whether the checks proved good or not; that therefore, in attempting to collect the check, Lawson was acting for himself and not the appellant. Without determining whether, if such was the case, there would, under the undisputed evidence, be no liability of appellant as a matter of law, we are of opinion that the undisputed evidence does not show that appellant had no interest in checks or that Lawson was without authority to accept checks. Lawson as a witness was asked:

"Did your contract state anything with reference to your taking checks for products sold? A. Well, nothing only I was responsible for the checks. If I took a check and it was cold it was mine. I had to pay for it.

"Q. How did they go about collecting them, the company? A. Why just come down and made me pay it. The company has a man to go around and take up the money. If I turned in a check and it was cold, he brought it back to my station and if I never collected it I never got anything. It was my check.

"Q. You lost it? A. Yes, sir.

"Q. Then that check belonged to you if it was cold? A. Yes sir."

■ The undoubted purport of his testimony, which was all there was on the question, is that, as between Lawson and appellant the former was guarantor of the payment of checks which he accepted. His conclusion that the check, if cold, was his, does not alter that fact, nor show that even checks were not the property of appellant. Besides, while the witnesses frequently alluded to *payment* of the particular check in question, it is quite clear that it was the *money* which Lawson sought to have paid and not the check. The transaction involved a repudiation and rescission of the check, and was in no sense an effort to collect the check as such. It is our conclusion that, if Lawson, after satisfying himself that the check was not good, assaulted and falsely imprisoned appellee to enforce payment for the oil and gas sold him, such was within the scope of his employment. Cameron Compress Co. v. Kubecka (Tex. Civ. App.) 283 S. W. 285; G., C. & S. F. Ry. Co. v. Cobb (Tex. Civ. App.) 45 S.W.(2d) 323; Guitar v. Wheeler (Tex. Civ. App.) 36 S.W. (2d) 325; Burnett v. Oechsner, 92 Tex. 588, 50 S. W. 562, 71 Am. St. Rep. 880; Dillingham v. Russell, 73 Tex. 47, 11 S. W. 139, 3 L. R. A. 634, 15 Am. St. Rep. 753; Lancaster v. Carter (Tex. Com. App.) 255 S. W. 392; Buck v. Standard Oil Co., 249 N. Y. 595, 164 N. E. 597. We are not prepared to hold that there was no evidence to support a finding to that effect. We are also of opinion that, although there was ample evidence to support a finding that Lawson, in detaining appellee, did so for certain officers of Taylor county, we cannot say that the undisputed evidence was to that effect. Propositions 1 and 2 are therefore overruled.

■ By its sixth proposition appellant contends, in effect, that, there being evidence raising an issue of fact as to whether or not Lawson detained the plaintiff for the constable upon instructions of the latter to Lawson and Dees, his assistant, therefore the court erred in refusing to submit its requested special issue No. 2 calling for a finding of such fact. If Lawson was acting for the constable, then his acts complained of were not within the scope of his authority. It is wholly beside the question whether the constable had authority to arrest him, or to authorize Lawson to do so. Lawson, as to the particular transaction in such a case, was not the agent of appellant. That is the material question, and not whether he was properly authorized to arrest Guffey upon the request of the officer. A finding of such issue in favor of appellant would have entitled it to a judgment. Under the authority of Colorado & S. Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908, and the numerous cases following it, we are forced to hold that the court erred in refusing to submit the issue as requested.

■ By its seventh proposition appellant complains of the admission in evidence, over its objection that same was immaterial and prejudicial, the testimony of appellee to the effect that his father and brothers were well fixed financially. "Testimony as to the financial condition of the plaintiff is inadmissible in a personal injury action." 17 Tex. Jur. 418, § 151; M., K. & T. Ry. Co. v. Hannig, 91 Tex. 347, 348, 43 S. W. 508; St. L. S. W. Ry. Co. v. Kimmey (Tex. Civ. App.) 189 S. W. 550; Northern Texas Traction Co. v. Jenkins (Tex. Civ. App.) 266 S. W. 175. We see no reason why the principle of this rule would not include testimony as to the financial condition of plaintiff's father and brothers. This proposition is also sustained.

■ In its eighth proposition appellant contends that the court erred in admitting in evidence, over its objection to the effect that such evidence was immaterial and calculated to awaken the sympathy of the jury and increase its verdict, the testimony of appellee to the effect that he made his living as a day laborer and that work in which he was engaged was scarce. This proposition is also sustained as being supported by the same authorities cited in support of the one next above discussed.

■ Appellant's ninth proposition in substance complains that the court erred in excluding the testimony of Bob Lawson to the effect that, in detaining appellee, he was acting under instructions of the county attorney. What we have said in disposing of the sixth proposition is deemed applicable to this. It is sustained upon the authority of Colorado & So. Ry. Co. v. Rowe, supra.

We deem it unnecessary to discuss other propositions. They are either controlled by what we have already said, or, if not, are rendered immaterial by reason of the disposition of the appeal made necessary by the conclusions herein stated.

Being of opinion that the judgment of the court below should be reversed and the cause remanded for a new trial, it is accordingly so ordered.

### On Rehearing.

Both parties have filed motions for rehearing. Appellant earnestly and ably contends that, if it be conceded Lawson was the agent of appellant and that he was authorized to accept checks in payment of oil and gas sold to customers and that he falsely imprisoned the plaintiff, including an assault upon him, as a means of enforcing payment for oil and gas or making good the check, nevertheless, as a matter of law, there was no evidence to show that in doing so he was acting within the scope of his authority as agent so as to

bind the appellant, and hence a peremptory instruction should have been given, and that this court, instead of remanding the cause, should render judgment for appellant. The gist of the argument is that, since the authority of the agent, if it existed, must be implied, there being no express authority, and since a false imprisonment or assault is not a usual means of collecting a debt, authority to falsely imprison the appellant, or to make an assault upon him to accomplish such purpose, cannot be implied from the authority to collect the debt. If it were necessary to imply authority to do the very act in question, namely, to falsely imprison or assault the plaintiff, this argument would be unanswerable. But such is not the case.

█ █ The principal is liable "for all the torts which his agent commits in the course of his employment." 2 C. J. 848, § 533, note 19; Sec. Life Ins. Co. v. Stephenson (Tex. Civ. App.) 136 S. W. 1137; Grand Temple, Etc., v. Johnson (Tex. Civ. App.) 135 S. W. 173; Seffel v. Western Union Tel. Co. (Tex. Civ. App.) 65 S. W. 897. "The phrases 'scope of authority' and 'course of employment' used to express the test of a principal's liability for the acts of his agent are generally used synonymously, although a distinction has been attempted. Much of the confusion and conflict in cases is due to the gradual extension of the rule of liability so as to impose *liability for acts not authorized and even forbidden* [italics ours] but nevertheless committed in the transaction of the principal's business, and also for a failure to note the distinction between acts done by an agent within the scope and course of his employment and acts done merely during his employment. In order to render the principal liable for his agent's torts they must have been committed while carrying out the principal's business and it may be stated broadly that *the tort of an agent is within the course of his employment where the agent in performing it is endeavoring to promote his principal's business within the scope of the actual or apparent authority conferred upon him for that purpose.*" (Italics ours.) 2 C. J. p. 853, § 536. The rule applies alike to all torts. The only difference between a tort consisting of the negligence of an agent and a tort consisting of the willful, and even malicious, act of the agent, such as an assault and false imprisonment, lies in the difference in the degree of probability or improbability that the act is within the scope of the agent's authority and the resultant and corresponding ease or difficulty of making proof of such fact.

█ With reference to the liability of the principal for the willful torts of his agent, the decisions in this state are interpreted in Tex. Jur. as establishing the following propositions: "A principal is ordinarily liable for the wilful tort of an agent acting within the general scope of his employment for the principal's benefit, regardless of the fact that the agent was actuated by personal malice and *regardless of the fact that the agent disobeyed orders or instructions.* [Italics ours.] Thus a principal, whether an individual or a corporation, is liable to the extent of actual damages for the wilful trespass of his agent committed in the course of his agency, even if done against the principal's orders. Again a principal may be liable for slanderous words spoken by a duly authorized agent in the scope of his duty. But liability in any case is dependent upon whether the agent was acting within the scope of his authority." 2 Tex. Jur. 553, § 150.

For the sake of brevity in listing the cases supporting the text, we will note parenthetically the character of agent, his authority, and the act held to be within the scope of his authority, as follows: Wells-Fargo & Co. Express v. Sobel, 59 Tex. Civ. App. 62, 125 S. W. 925, error refused (clerk in express office. held to have acted within scope of authority in assaulting plaintiff because he had written, in connection with a claim of shortage, a letter accusing clerks of theft and one of being a shyster); Producers' Refining Co. v. Frazier (Tex. Civ. App.) 283 S. W. 880 (an auditor charged with duty of checking salvage after a fire, held to have acted within scope of his authority in slandering plaintiff by accusation that he had burned oil plant to cover shortage); Houston Printing Co. v. Jones (Tex. Civ. App.) 282 S. W. 854 (managing editor of paper charged with duty of maintenance and advancement of principal's office discipline held to have acted within scope of authority in libeling plaintiff in bulletin posted on board); Texas & Pacific Railway Co. v. Parker, 29 Tex. Civ. App. 264, 68 S. W. 831, error denied (station agent having cars and property of defendant in his charge to look after and protect from trespassers held to have acted within scope of authority in falsely imprisoning plaintiffs by locking in box car while asleep and calling officers to arrest them); American Free Land Mortgage Co. v. Brown (Tex. Civ. App.) 101 S. W. 856 (president of defendant company acted within scope of authority in conspiring with others to injure plaintiff's business by circulating false and slanderous statements); S. W. T. & T. Co. v. Long (Tex. Civ. App.) 183 S. W. 421 (manager of telephone company, with power to discharge employees, held to have acted within the scope of employment when in discharging an employee he slandered her); North Texas Gin Co. v. Thomas (Tex. Civ. App.) 277 S. W. 438 (manager with authority to represent principal in the operation and management of a gin, and in the purchase of cotton and cotton seed on local market in town, held acting within scope of employment in entering into an unlawful conspiracy in restraint of trade).

Numerous out-of-state authorities may be cited holding the principal to liability for willful torts, of which may be mentioned Davenport v. Burke, 30 Idaho, 599, 167 P. 481 (fraud); Kirk v. Montana Transfer Co., 56 Mont. 292, 184 P. 987 (assault); Mansfield v. W. J. Burns I. D. Agency, 102 Kan. 687, 171 P. 625, L. R. A. 1917D, 571 (beating plaintiff); U. S. F. & G. Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A. L. R. 520 (coercion by threat to cancel policy); Wilson v. Singer Sewing Machine Co., 184 N. C. 40, 113 S. E. 508 (cursing plaintiff, throwing her property on floor and attempting to forceably take a sewing machine because of nonpayments thereon); Waldron v. N. Y. Cent. Ry. Co., 106 Ohio St. 371, 140 N. E. 161 (accidently killing third person with gun used in business); Mitchell v. Finnell, 101 Cal. 614, 36 P. 123 (threatening unlawful imprisonment); Dunn v. Hartford, Etc., Horse Ry. Co., 43 Conn. 434 (agent received third person's property from principal's debtor and sold to pay debt); Field v. Kane, 99 Ill. App. 1 (floor walker followed customer suspected of theft into the street and forceably compelled return); Strader's Adm'rs v. Lexington Hydraulic & Mfg. Co., 146 Ky. 580, 142 S. W. 1073 (killing party in attempting to remove him peaceably from premises as a trespasser); Penn. Iron Works v. Vogt Machine Co., 139 Ky. 497, 96 S. W. 551, 29 Ky. Law Rep. 861, 8 L. R. A. (N. S.) 1023, 139 Am. St. Rep. 504 (office manager wrote libelous letters); Bank of Commerce v. Hoeber, 88 Mo. 37, 57 Am. Rep. 359 (secret preference to a creditor to effect compromise); Dupre v. Childs, 52 App. Div. 306, 65 N. Y. S. 179 (agent managing restaurant followed diner into street and caused his arrest).

The ruling principle in all of these cases is precisely the same as that discussed in I. & G. N. Ry. Co. v. Cooper, 88 Tex. 607, 32 S. W. 517; I. & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902; I. & G. N. Ry. Co. v. Yarbrough (Tex. Civ. App.) 39 S. W. 1096; Magnolia Petroleum Co. v. Winkler (Tex. Civ. App.) 40 S.W.(2d) 831. To contend that the principal is as a matter of law not liable for a false imprisonment and assault of an agent because there was no authority given by the principal to the agent to falsely imprison or assault is precisely on a parity with the proposition that the principal is not liable for the negligence of the agent because he had not given the agent authority to perform his work negligently.

The final and conclusive test in all cases without any distinction as to negligent torts and willful torts is whether or not the act or omission of the agent constituting the tort, although itself not authorized, and even if in violation of instructions, was an act done or omitted in pursuance of the principal's business, and within that particular part of such business, if less than all, committed to the agent.

The filling station belonged to appellant. The oil and gas belonged to it, as well as the proceeds of the sale of oil and gas. The business of appellant was the selling of oil and gas. Lawson had charge of that business at the particular place. That fact implied his duty to protect and preserve the property in his care and control. The act of Lawson in running oil or gas into appellant's car was the act of the appellant. Had he negligently lighted a match and destroyed the car or injured appellee, it would hardly be contended that appellant would not be liable. If appellant's liability in this case is any the less certain, it is not because of any difference in the rule or principle of liability, but because it is not so apparent that the act committed, of which complaint is made was an act done for the principal rather than to serve some motive or purpose of the agent, or to carry out a request of the officers of the law, having no relation to appellant's business. If it were admitted, or the undisputed evidence had shown that the acts complained of were done by Lawson to enforce payment for the oil and gas, we are of opinion that it would have been the duty of the court to instruct a verdict for appellee on the issue of liability. I. & G. N. Ry. Co. v. Cooper, supra; Magnolia Petroleum Co. v. Winkler, supra.

We think the evidence was not undisputed, and that "the question of authority or not is one of fact to be determined by the jury like any other issue, and not a matter of law to be decided by the court." G., H. & S. A. Ry. Co. v. Zantzinger, 93 Tex. 64, 53 S. W. 379, 381, 47 L. R. A. 282, 77 Am. St. Rep. 829.

What has just been said constitutes, we think, an almost sufficient answer to the motion of appellee. We cannot take as an established fact that Lawson was acting within the scope of his authority just because the jury so found and upon that premise hold that there was no error in refusing to admit the evidence offered by the appellant and refusing to submit issues requested presenting appellant's theory of the case. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517. The issues made by the evidence were such that, had the special issue been given and answered favorably to appellee, it is doubtful if the evidence would have been sufficient to support a finding that Lawson was acting within the scope of his authority conferred by appellant.

It is true that, if it were conceded or conclusively established that Lawson was acting within the scope of his authority, it would be immaterial that he was also, by his act, subserving some purpose of his own, or of a third party, but the appellant had the right to have any competent evidence introduced

to establish that the agent was not acting for appellant, and, since it had a definite theory pleaded as to whom he was acting for and which was supported by some evidence, it had the right, we think, to have the jury pass upon same.

Both motions are accordingly overruled.