**BRESNAN v. REPUBLIC SUPPLY CO.**

No. 1153.

Court of Civil Appeals of Texas. Eastland.

Sept. 29, 1933.

Rehearing Denied Nov. 3, 1933.

Thomas & McDonald, of Big Spring, for appellant.

Woodward & Coffee, of Big Spring, and A. B. Judd, of Houston, for appellee.

FUNDERBURK, Justice.

This suit was brought by G. A. Bresnan against Republic Supply Company to recover damages for personal injuries. The cause of action was predicated upon negligence of Ellis, the local manager of defendant in Big Spring, in backing his car preparatory to returning to the company's store and his place of business after transacting personal business of his own with the Courtesy Filling Station. All the issues of fact were submitted to and found by a jury in favor of the plaintiff. The trial court overruled a motion of defendant for an instructed verdict in its favor, but after the return of the verdict sustained its motion for a judgment in its favor notwithstanding the verdict.

In this appeal by the plaintiff, the only question for decision is whether there was any evidence raising an issue of fact as to whether Ellis in negligently backing his car and thereby injuring the plaintiff, was in doing so acting for the defendant within the scope of his employment.

The undisputed evidence showed that Ellis was the sole manager of defendant company in Big Spring. It was his duty to sell and solicit the sale of material, and, if necessary, deliver such material to the customers of the company. He was custodian of the company's stock of material kept at a store in Big Spring. The defendant company owned a Buick car which was furnished to Ellis for his use in soliciting business and delivering material. Ellis owned a personal car which he sometimes used on company business as well as his personal business. On the occasion in question, the company car was in a shop for repairs. That day Ellis returned to the store from his noonday lunch, and, shortly after opening the store, got into his own car and drove to the Courtesy Filling Station, a few blocks away, for the sole purpose of adjusting a personal bill owing them. When this mission was accomplished, he got into his car for the purpose of returning to the store. It was necessary first to back the car out from the filling station, and, in doing this, the injury, for which damages were claimed, was inflicted.

The foregoing statement shows that certain facts to which appellant seems to attach much importance have no material bearing in the determination of the question presented for decision and may be eliminated from further consideration. Of such facts may be mentioned the one that the injury occurred during the usual working hours of Ellis as the local manager of defendant; that said employee sometimes drove his own car while performing the duties of his employment; that without objection from his employer, he sometimes closed the store during the usual business hours and left it to transact personal business of his own.

■■ The sole question to be determined is: When Ellis backed his car out from the Courtesy Filling Station, thereby injuring plaintiff, was such act done within the scope of his general authority as local manager of defendant company and in furtherance of its business and for the accomplishment of some object for which he was employed? When Ellis left the store to go to the Courtesy Filling Station to adjust a questionable item in his personal account and for that purpose alone, he thereby departed completely from the scope of his employment. His acts performed in pursuance of such enterprise were governed by the law stated as follows: "If the servant steps aside from the master's business for some purpose wholly disconnected with his employment, the relation of master and servant is temporarily suspended and this is so no matter how short the time, and the master is not liable for his acts during such time." 39 C. J., p. 1295, § 1490; International & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902; International & G. N. Ry. Co. v. Cooper, 88 Tex. 610, 32 S. W. 517; Branch v. International & G. N. Ry. Co., 92 Tex. 288, 47 S. W. 974, 71 Am. St. Rep. 844; Galveston, H. & S. A. Ry. Co. v. Currie, 100 Tex. 136, 96 S. W. 1073, 1074, 10 L. R. A. (N. S.) 367.

In Galveston, H. & S. A. Ry. Co. v. Currie, supra, the rule was stated to be that when the servant "goes entirely aside from his work, and engages in the doing of an act not in furtherance of the master's business, but to accomplish some purpose of his own, there is no principle which charges the master with responsibility for such actions." And again: "If the turning aside from the master's business be only for an instant, so that it be complete, the authorities agree that there is no liability on his part for the servant's act." Id. The Currie Case points out some distinctions important to be borne in mind in the instant case. One has reference to injuries inflicted while the servant engaged in the furtherance of the master's business, at the same time, does acts in furtherance of his own business or pleasure. As to such cases the court said: "It is in cases of the character supposed, where there has been a mingling of personal motive or purpose of the servant with the doing of his work for his employer, that much of the difficulty and conflict of opinion have arisen in determining whether or not the wrong committed should

be ascribed to the master or be regarded as the personal tort of the servant alone. It is now settled, in this state at least, that the presence of such a motive or purpose in the servant's mind does not affect the master's liability, where that which the servant does is in the line of his duty, and in the prosecution of the master's work." Another distinction pointed out was with reference to cases involving injuries from the use of dangerous instrumentalities while intrusted by the master to the servant. The undisputed evidence in this case, omitting from consideration for present purposes, the one fact that it was after the personal account of Ellis had been adjusted and he had begun his return to the store when the injury occurred, shows that this case is not distinguishable from the Currie Case upon any principle of distinction discussed in that case as above mentioned. In other words, this case is like the Currie Case and ruled by it unless it is distinguishable solely because the injury was inflicted after Ellis began his return to the store. Plaintiff's own testimony showed that at least up to the time Ellis began his return to the store, he was not combining his admitted personal purpose with any business of his employer and he was not in charge of any dangerous instrumentalities, but, on the contrary, when he left the store it was a complete departure from, and abandonment of, the business of his employment and the furtherance exclusively of a purpose entirely personal to himself.

There remains to consider the effect, if any, of the fact that when the injury was inflicted, Ellis had completed the adjustment of his account, the sole purpose of his having left the place of business of his employer, and had begun his return to said place of business there to resume the duties of his employment. The question for decision in its relation to this one fact, may be stated the most concretely possible thus: Does the bare fact that Ellis had started to return to his place of business and there resume the duties of his ·employment, raise an issue of fact as to whether he had already resumed the performance of such duties? Authority apparently supporting an affirmative answer to this question is not entirely lacking. Corpus Juris, after stating a proposition as to which all authorities, perhaps, are in accord; namely, ·that "notwithstanding the servant's deviation or departure from his employment for purposes of his own, if, at the time of the act complained of, the servant had fulfilled his purpose *and resumed* [italics ours] the prosecution of the master's business, the master will be liable for his act," then further says: "The servant will be considered to have resumed the prosecution of the master's business where, after the fulfillment of his own purpose, he is returning to resume his duties, it is not necessary for him to have reached the zone of his employment or the territory in which he was employed to work." 39 C. J., p. 1298, § 1495. In support of the text are cited: One Illinois case, the report of which is not presently available to us (Devine v. Ward Baking Co., 188 Ill. App. 588); two Louisiana cases (Glass v. Wise, 155 La. 477, 99 So. 409; Cusimano v. A. S. Spiess Sales Co., 153 La. 551, 96 So. 118); one Mississippi case (Barmore v. Vicksburg, etc., Ry. Co., 85 Miss. 426, 38 So. 210, 211, 70 L. R. A. 627, 3 Ann. Cas. 594); one Missouri case (Whimster v. Holmes, 177 Mo. App. 130, 164 S. W. 236, 238); one English case and one Canadian case. Subsequent annotations show no other cases cited.

Appellant's able counsel, with commendable diligence, has cited us to numerous cases (all but three in other jurisdictions) together with most helpful brief statements of their facts and the holdings of the court, designed to support substantially the same proposition embraced in the text of Corpus Juris last above quoted. We think we may be justified in saying that they go no further than the text and that if the proposition as stated in the text be inapplicable to the instant case, the same will, for the same reason, be true of most, if not all, of the cases so cited.

Let us examine briefly the available cases cited in support of the text above quoted with a view of determining whether even if it be granted that the proposition is correct when applied under some conditions of fact, it is not correct if attempted to be applied to the instant case. What was said upon the point in Glass v. Wise, supra, was purely dicta since the court held that the accident in question happened before the servant had accomplished the purpose which constituted the departure from the master's employment. In Cusimano v. A. S. Spiess, etc., Co., supra, the servant began the trip in furtherance of the master's business, namely, the making of deliveries. In the absence of any departure from the master's business before the return to the store, the return trip would as certainly have been in furtherance of the master's business as was the beginning. The effect of the decision was to hold that a temporary departure or deviation from the course of employment during the trip would not conclusively give character to the return trip as being without the scope of the servant's employment. In such a case it is manifestly not necessary to get back to the starting point in order to resume the business of the employer, but, on the contrary, a part of such business is the act of returning to the store.

If the case of Barmore v. Vicksburg, etc., Ry. Co., supra, when applied to the undisputed evidence in this case, lends any support to the claim of liability, its effect as authority is nullified by at least two material statements in the opinion as follows: (1) "And in order to escape liability it devolves upon the

master to prove that the servant had abandoned the duties of his employment, and gone about some purpose of the servant's own, in which the master's business was not concerned, and which was not incident to the employment for which the servant was hired." (2) "This class of cases is plainly distinguishable from those in which there has been a departure—a turning aside—from the master's business to engage in an affair not incidental to his service, but purely of the servant's own." The first quotation shows that the case is distinguishable from the instant case in the same way as Cusimano v. A. S. Spiess Sales Co., supra. The second quotation shows that whether the proper distinctions were applied in the case or not, it was recognized that a case like this where there is a complete abandonment of the servant's scope of authority, is different from the case then under consideration by the court. The case of Whimster v. Holmes, supra, cannot be regarded as authority on the point under discussion, if for no other reason, because of the following: "But there was evidence tending to show that there was no abandonment of service by Hettenbaugh in this case until after plaintiff's injury." All authority will agree that if there has been no abandonment of the master's business, the master is not relieved from liability and that the commingling of the personal business and purposes of the servant does not necessarily show such an abandonment. These cases are, we think, fairly representative of all cases which may be thought to lend support to the contention of appellant.

We are unable to escape the conclusion that the proposition stated in the foregoing quotation from Corpus Juris, if same is to be accepted as correct, must be confined in its application to cases where a servant begins a journey in pursuance of the business of the master, and for the accomplishment of some purpose of his employment which is of such nature as reasonably contemplates a return to the place of beginning or at least to some place having a relation to the business of the master. The reason why the proposition may be applicable to such a case and not applicable to the instant case may be stated briefly. When the servant leaves his master's store, or other place of business, to perform definite services for the master and then return, the presumption is, in the absence of evidence to the contrary, that at any time during the trip the servant is acting within the scope of his employment. If he in fact deviates or temporarily departs from the business of his employment, after beginning his journey and before the return, it is necessary that such fact be shown by the evidence. But to show a deviation or departure will not alone establish that all the remainder of the trip is performed without the scope of the servant's employment. If the proof shows that the purpose of the deviation or departure was accomplished or abandoned before the return, it will be presumed, in the absence of further evidence to the contrary, that the servant has resumed the business of the master which was in contemplation when the journey was begun. In the instant case when Ellis left the store, he completely abandoned the business of his employer. In legal contemplation he ceased to sustain towards defendant the relation of employee to employer or servant to master. He left the employment when he left the store. If he resumed it before he returned to the store, that was a fact necessary to be shown by some evidence since there was no presumption that he did so. In the first case mentioned there was such presumption because the return was a part of the service undertaken for the master when the trip was begun. In this case there is no such presumption because the whole purpose of the trip was foreign to the business of the employer and hence the return being a part or incident thereof was likewise foreign.

Some analogy is to be found in Workmen's Compensation Acts. Generally, in such statutes special definitions are given of scope or course of employment. Ordinarily, however, such definitions are more comprehensive and perhaps never less so than the common-law definition. But under such statutory definitions, as a general rule and in the absence of special circumstances, a servant going to and from his work is not in the course of employment. Ætna Life Ins. Co. v. Palmer (Tex. Civ. App.) 286 S. W. 283; Guivarch v. Maryland Casualty Co. (C. C. A.) 37 F.(2d) 268; Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402. Just a little while before the accident in question, Ellis had left his home where he had gone for lunch, to return to the store. Was he then in the course of his employment on the way to the store? He was just as much so as when at the Courtesy Filling Station he got into his car to go to the store. In neither case we think was he in the course of his employment with the defendant.

It follows that in our opinion the court below did not err in giving judgment for the defendant and that same should be affirmed, which is accordingly so ordered.