## BISHOP v. FARM & HOME SAVINGS & LOAN ASS'N.
### No. 1306.

Court of Civil Appeals of Texas. Eastland.
Sept. 21, 1934.

W. E. Lessing, of Abilene, for appellant.

Joe E. Childers, of Abilene, for appellee.

HICKMAN, Chief Justice.

This is an action brought by appellant against appellee for damages for personal injuries, resulting in a peremptory instruction in favor of appellee. No evidence was introduced by appellee, the instruction being based upon the conclusion that appellant failed to make a case. It is contended that an issue was presented as to appellee's liability, and that the peremptory instruction was, therefore, improperly given.

The facts are undisputed. Willard Weaver was an employee of the defendant in the city of Abilene. On Saturday, June 17, 1933, he left Abilene about 2:30 in the afternoon to spend the week-end with a friend in San Angelo, and attend a "Dutch Supper." This friend was also an employee of the appellee, but the visit of Weaver was purely personal, and had no connection whatever with appellee's business. Weaver had an appointment to meet a man on company business in Abilene at 8:30 o'clock a. m. on Monday. He left San Angelo about 4:30 o'clock that morning with the expectation of returning to his hotel room in Abilene, shaving, getting his portfolio, and filling his appointment. On the way from San Angelo he became involved in an automobile collision resulting in appellant's injuries. The evidence is sufficient to establish that Weaver was an employee of appellee; that he was guilty of negligence in the manner of operating his car; and that appellant sustained substantial injuries as a result of the collision. The only question presented is whether there was any evidence raising an issue of appellee's liability therefor.

It is a rule of general acceptation that, if a servant steps aside from the master's business for some purpose not connected with his employment, but on a mission of his own, the relationship of master and servant is thereby suspended for the time, and the master is not liable for his acts during such period. I. & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902; I. & G. N. Ry. Co. v. Cooper, 88 Tex. 610, 32 S. W. 517; G., H. & S. A. Ry. Co. v. Currie, 100 Tex. 136, 96 S. W. 1073, 10 L. R. A. (N. S.) 367; Van Cleave v. Walker (Tex. Civ. App.) 210 S. W. 767; Main Street Garage v. Eganhouse Optical Co. (Tex. Civ. App.) 223 S. W. 316; McCoy v. Beach-Wittman (Tex. Civ. App.) 22 S.W.(2d) 714; Reddick v. Prairie O. & G. Co. (Tex. Civ. App.) 51 S.W.(2d) 735; Murphy v. Gulf Prod. Co. (Tex. Civ. App.) 299 S. W. 295; Bresnan v. Republic Supply Co. (Tex. Civ. App.) 63 S.W. (2d) 1105.

It is argued by appellant that, even though it should be admitted that Weaver went to San Angelo in the pursuit of his personal pleasure, the moment he formed the mental conception or determination to end it and re-embark on the business of his employer, he again resumed his duties and re-established the relationship of master and servant. This is the exact contention which was presented to this court in the recent case of Bresnan v. Republic Supply Co., supra. We there gave it careful consideration, and declined to adopt it. It is, to our minds, an unsound proposition of law. The whole purpose of the trip was foreign to appellee's business, and the return was but a part of the trip, referable thereto rather than to the business of the em-

ployer. In addition to the cases there cited, see Hill v. Staats (Tex. Civ. App.) 189 S. W. 85 (error refused); Van Cleave v. Walker, supra; Reddick v. Prairie O. & G. Co., supra (error refused). The court did not err in giving the peremptory instruction.

■ The assignments challenging the action of the court in excluding certain testimony present no serious questions. The material facts sought to be established by this excluded testimony were later admitted by the parties, which rendered the error, if any, harmless. Further, the bills of exceptions disclose what the excluded testimony would have been, if admitted, and, in determining whether an issue of fact as to appellee's liability was raised, we have considered this excluded testimony. Appellant was not prejudiced by the exclusion of this testimony, since, had it been admitted, the court would have been under the duty nevertheless to give the peremptory instruction.

There was no error in the judgment, and it is accordingly affirmed.