## KING v. WESTERN UNION TELEGRAPH CO.

### No. 1581.

Court of Civil Appeals of Texas. Eastland.

Oct. 2, 1936.

Scarborough & Ely, of Abilene, for appellant.

W. H. Flippen and Dan P. Johnston, both of Dallas, for appellee.

FUNDERBURK, Justice.

J. T. King, a minor, was employed as a messenger boy for the Western Union Telegraph Company at Abilene, Tex. His working hours were from 8 o'clock in the morning until 6 o'clock in the evening. He was furnished a uniform which he wore during the hours he was on duty. He received the uniform each day when he reported for duty and checked it back when he left. This was true except as to shirts and ties which were furnished him and which he did not check in and out and for the laundry of which he was responsible. The messenger boys were required to furnish their own bicycles.

On the evening of December 22, 1930, at about 6 o'clock J. T. King checked in his uniform as usual and left for home on his bicycle. About 6:30 p. m. thereafter, when within three or four blocks from his home, he had a collision with an automobile driven by one not in the service of the telegraph company, from which he suffered certain serious injuries. It was alleged, and no particular contest of the fact was made, that the Western Union Telegraph Company, in lieu of Workmen's Compensation Insurance, provided certain benefits for its employees, including messenger boys, which constituted a part of the contract of employment between said J. T. King and said telegraph company. The benefits referred to, evidenced by certain leaflets, provided that the claimed benefits were for "physical disability to work by reason of accidental injury (not including the accidental injuries specified in Paragraphs 12 and 13 of Section 9 of these Regulations) arising out of and in the course of employment by the company. * * * Accidental injuries shall be considered as arising out of and in the course of employment only where the injury has resulted solely from accident during and in direct connection with the performance of duties in the service of the company to which the employee is assigned or which he is directed to perform by proper authority or in voluntarily protecting the company's property or interests." The Western Union Telegraph Company denied liability and this suit was brought by said minor by his father, as next friend, to recover the benefits.

When the evidence was in, the court peremptorily instructed a verdict for the defendant and, from the judgment rendered and entered in accordance therewith, the plaintiff has appealed.

It will be necessary to consider but one question. Was there any issue tendered by the plaintiff's pleading and essential to a recovery which was not supported by any evidence? If so, the judgment of the court below must be sustained.

By the terms of the regulations, which must be looked to as the contract, if any, liability was limited to accidental injuries "arising out of and in the course of employment by the company." The terms "arising out of and in the course of employment" were defined in the regulations and, as so defined, included only such injuries as "resulted solely from accident during, and in direct connection with, the performance of duties in the service of the company, to which the employee is assigned or which he is directed to perform by proper authority or in voluntarily protecting the company's properties or interest." This limitation upon the conditions of liability would appear to be fully as restrictive as that obtaining in the law

494

governing the liability of a master for the acts of his servant in relation to a third party; namely, acts of the servant in the course, or scope, of employment. The applicable principles of law we had occasion to consider and discuss at length in Bresnan v. Republic Supply Co. (Tex. Civ.App.) 63 S.W.(2d) 1105.

Under the undisputed evidence the accident and resulting injuries to young King could not properly ·be described as "arising out of, and in the course of, employment by the company," even without the definition of that term as contained in the regulations. But when we consider that, for the injuries to have been injuries "arising out of, and in the course of," the employment, it was necessary that they must have resulted solely from accident *"during and in connection with the performance of duties in the service of the company"* (italics ours), the fact is still more apparent. Under all the evidence the accident and resulting injuries did not occur *during* the performance of his duties, nor in *direct* connection with the performance of such duties. The learned trial judge properly appraised the evidence, we think, and directed the only verdict resulting in the only judgment which could properly be rendered under the evidence, which judgment should be affirmed, and it is accordingly so ordered.